Opinion issued September 26, 2002










 






In The

Court of Appeals

For The

First District of Texas






NO. 01-01-01158-CR

____________


GREGORY HILL, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 177th District Court 

Harris County, Texas

Trial Court Cause No. 866693





O P I N I O N



 A jury found appellant, Gregory Hill, guilty of aggravated robbery. Appellant
pleaded true to the allegation in an enhancement paragraph that he had a prior felony
conviction for burglary of a habitation. After finding the enhancement allegation to
be true, the jury assessed punishment at 50 years in prison. In two points of error,
appellant argues that the trial court erred at the punishment phase of trial in denying
his motion for a mistrial and in overruling his objection to an improper jury argument
by the State. We affirm.

Factual Background


 Harris County Sherrif's Deputy Russell Rocomontes, testified that, on the
evening of January 12, 2001, he responded to a robbery call at the house of the
complainant, Eric Brown. When Deputy Rocomontes arrived, Brown seemed upset,
dazed, and traumatized. Brown told Deputy Rocomontes that he had been robbed in
his driveway.

 Eric Brown testified that he previously met appellant through a friend two
weeks before the robbery, and he identified appellant in court as one of two men who
robbed him at gunpoint. On the night of the robbery, Brown borrowed his father's
car and drove to a convenience store where he saw appellant and two other men in a
beige sedan. Brown and one of the men, identified as "Willie," then went to the
parking lot of a pool hall to smoke marihuana. At about midnight, Brown saw
appellant drive by in the same beige sedan.

 Brown further testified that, when he later went home, he saw the beige sedan
parked in a driveway across the street and two houses down from his house. When
Brown parked his car, appellant pulled up in the beige sedan and blocked Brown's
driveway. Appellant asked Brown to sell him "three for ten," (1) and another man
jumped out of appellant's car. Brown agreed to sell appellant the marihuana and
retrieved the marihuana from his father's car. When Brown turned around, appellant
was holding a gun to Brown's face, told Brown he was being robbed, and demanded
all of Brown's money and narcotics. Appellant forced Brown to lie on the ground,
put his knee across Brown's face, and placed the gun on Brown's neck. When Brown
told appellant he did not have any more narcotics, appellant and his accomplice took
the marihuana and $200 from Brown and left.

Jury Argument 


 In his first point of error, appellant contends the trial court erred in denying his
motion for a mistrial after the State, in its closing punishment argument, mentioned
the possible punishment appellant could have received in connection with a prior
conviction.

 The State argued, in relevant part, as follows:

 MR. FREYER: What if we went to Kinko's and made a resume for
him? What would it have on it? He breaks into somebody's house and
steals without their permission. He gets a second chance, probation. 
We are all on probation, you know. Don't break the law, don't abuse
drugs, don't abuse alcohol, tell people where you are going, be
responsible. We are on probation every day. He got that chance back
in September of '98. Not nine months later, how does he thank you? 
How does he thank this judicial system? He goes out and gets caught
driving a stolen car and running from the police, not nine months later. 


 MR. JUSTIN: I object, Your Honor. He's charged with unauthorized
use of a motor vehicle. There was no testimony it was a stolen car. It
was being operated without somebody's permission.


 THE COURT: Sustained. Stay within the evidence that is before the
jury. Ladies and gentlemen of the jury, you will remember the evidence
that is before you.


 MR. FREYER: Okay. He was driving somebody's car without their
permission. Not even nine months later, that's how he - that's how
grateful he is for this chance that he's been given. So he goes to the pen. 
Three years. Two is the minimum; he gets three. He could have gotten
20.


 MR. JUSTIN: Judge, again I object. Again, it's outside the record. 
There is no record of that.


 THE COURT: Sustained.


 MR. JUSTIN: I ask the jury be instructed to disregard that comment. 


 THE COURT: Disregard the last statement of the prosecutor. Rely only
on the evidence that you have heard.


 MR. JUSTIN Move for mistrial, Your Honor.


 THE COURT: Denied.


(Emphasis added.)


 The law provides for, and presumes, a fair trial free from improper argument
by the State. Long v. State, 823 S.W.2d 259, 267 (Tex. Crim. App. 1991). There are
four permissible areas of jury argument: (1) summation of the evidence, (2)
reasonable deductions from the evidence, (3) answers to the argument of opposing
counsel, and (4) pleas for law enforcement. Wesbrook v. State, 29 S.W.3d 103, 115
(Tex. Crim. App. 2000); Cifuentes v. State, 983 S.W.2d 891, 895 (Tex.
App.--Houston [1st Dist.] 1999, pet. ref'd). Even when an argument exceeds the
permissible bounds of these approved areas, such will not constitute reversible error
unless, in light of the record as a whole, the argument is extreme or manifestly
improper, violative of a mandatory statute, or injects new facts harmful to the accused
into the trial proceeding. Wesbrook, 29 S.W.3d at 115. In most cases, an instruction
to disregard the remarks will cure the error. Id.

 Here, the State argues the prosecutor's argument constituted a plea for law
enforcement. We agree that although the prosecutor's argument, as a whole, was a
plea for law enforcement - urging the jury to impose a lengthy sentence in this case
given appellant's prior sentences - the prosecutor's specific comment that appellant
"could have gotten 20" years was outside the record and outside the bounds of the
enumerated areas of proper argument. Therefore, the trial court correctly sustained
appellant's objection and instructed the jury to disregard the comment.

 Generally, the appropriate remedy for improper argument is an instruction to
disregard. McGinn v. State, 961 S.W.2d 161, 165 (Tex. Crim. App. 1998). We must
presume the instruction to disregard was followed by the jury. Wesbrook, 29 S.W.3d
at 116; see Colburn v. State, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998). A
mistrial should be granted only when an objectionable event is so emotionally
inflammatory that a curative instruction is not likely to prevent the jury from being
unfairly prejudiced against the defendant. Wesbrook, 29 S.W.3d at 116; Bauder v.
State, 921 S.W.2d 696, 698 (Tex. Crim. App. 1996).

 Based on the record as a whole, we hold that the prosecutor's comment,
although improper, was not so inflammatory as to render the trial court's instruction
to disregard ineffective. Accordingly, the trial court did not commit error in denying
appellant's motion for mistrial.

 We overrule appellant's first point of error.

Prior Conviction


 In his second point of error, appellant contends that the trial court erred in
overruling his objection to the State's comment during its closing punishment
argument that the parole board did nothing when appellant "picked up a marihuana
case."

 The State argued, in relevant part, as follows:

 MR. FREYER: And you know for a fact by looking at these judgments
and nothing else, he was sentenced to TDC in late June, I believe June
27th of 1999. And back in December of 2000, he gets caught and
convicted of smoking mari[h]uana - possession of mari[h]uana, excuse
me. So you know for a fact, it's right here, that he did less than 18
months on a three-year sentence. Didn't do half of it. So now he's on
parole. What does he do while he's on parole? Picks up the
mari[h]uana case, nothing happens to him, parole board didn't do
anything.


 MR. JUSTIN: Excuse me, Judge. That's also outside the record that the
parole board hadn't done anything. That's outside the record. There is
no evidence to that, no testimony.


 THE COURT: Ladies and gentlemen, you remember the evidence, you
rely on the evidence. What the lawyers say is not evidence and is
merely supposed to be a summary of the evidence.


 MR. JUSTIN: My ruling, Judge?


 THE COURT: That's overruled.


(Emphasis added.)


 At the punishment phase of trial, appellant stipulated to several prior
convictions reflected on judgments and sentences offered and admitted into evidence. 
The record established that appellant was convicted for burglary of a motor vehicle
in 1998 and was placed on five years community supervision. In June 1999,
appellant's community supervision was revoked after he committed the offense of
unauthorized use of a motor vehicle, and he was sentenced to three years
confinement. Appellant's mother testified that appellant was subsequently released
on parole at some point prior to December 2000. At that time, appellant was
convicted of possession of marihuana and sentenced to 30 days in jail. 
Approximately one month later, appellant robbed Brown, who testified he had met
appellant about two weeks before the robbery.

 The prosecution is afforded a wide degree of latitude in drawing reasonable
deductions from the evidence, so long as the inferences drawn are reasonable, fair,
legitimate, and offered in good faith. Shannon v. State, 942 S.W.2d 591, 597 (Tex.
Crim. App. 1996); Gaddis v. State, 753 S.W.2d 396, 398 (Tex. Crim. App. 1988). 
Here, the evidence indicated that appellant, while on parole, was convicted of
possession of marihuana approximately one month prior to the robbery. We conclude
the State's argument was a reasonable deduction from the evidence presented, and we
hold that the trial court did not err in overruling appellant's objection to the argument.

 We overrule appellant's second point of error.

Conclusion


 We affirm the judgment of the trial court.



 Terry Jennings

 Justice


Panel consists of Justices Nuchia, Jennings, and Radack.


Do not publish. Tex. R. App. P. 47.
1. Slang for three marihuana cigars for $10.