COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-137-CR
 
ANTHONY LEON RAY                                                                        APPELLANT
V.
THE STATE OF TEXAS                                                                        STATE
------------
FROM THE 16
TH DISTRICT COURT OF DENTON
COUNTY
------------
MEMORANDUM OPINION(1)
------------
In his sole point, appellant contends that
the trial court erred by overruling his objection to improper comments made by
the prosecutor during closing argument. Appellant contends that the prosecutor's
comments urged the jury to "repunish" appellant for a prior
conviction. We affirm.
The purpose of closing argument is to
facilitate the jury's proper analysis of the evidence so that it may arrive at a
just and reasonable conclusion based on the evidence alone and not on any fact
not admitted into evidence. Campbell v. State, 610 S.W.2d 754, 756
(Tex. Crim. App. [Panel Op.] 1980); Faulkner v. State, 940 S.W.2d 308,
311 (Tex. App.--Fort Worth 1997, pet. ref'd) (en banc op. on reh'g). To be
permissible, the State's jury argument must fall within one of the following
four general areas: (1) summation of the evidence; (2) reasonable deduction from
the evidence; (3) answer to argument of opposing counsel; or (4) plea for law
enforcement. Felder v. State, 848 S.W.2d 85, 94-95 (Tex. Crim. App.
1992), cert. denied, 510 U.S. 829 (1993); Alejandro v. State,
493 S.W.2d 230, 231 (Tex. Crim. App. 1973). The reviewing court, however, should
examine the remark in the context in which it appears. Gaddis v. State,
753 S.W.2d 396, 398 (Tex. Crim. App. 1988).
Appellant contends that the prosecutor's
jury argument was improper because it encouraged the jury to "repunish"
him for his prior conviction for aggravated sexual assault of a child. We
disagree.
In this case, the State charged appellant
with possession of a controlled substance. The evidence reveals that appellant
was arrested in a drug-free zone. At the punishment hearing, the prosecution
introduced pen packets and judgments into evidence to establish appellant's
criminal history. There was no testimony regarding the contents of the pen
packets at the time they were admitted. During closing argument, however, the
prosecutor explained the documents, including appellant's prior convictions for
aggravated sexual assault of a child and indecency with a child. The prosecution
then made the following argument:

        
 This is a very, very important case. It's not an easy one, not an easy
 decision for you guys to go back and make, it never is, but it is a very
 important one. But make no mistake about it, you are protecting the citizens
 of Denton County, specifically the children-

 
The trial court overruled appellant's
objection, but granted him a running objection. The prosecutor then concluded
with the following statement:

        
 Make no mistake about it. When you put a number in that little blank when you
 go back in this afternoon, you are protecting the children in Denton County.
 It's just up to you for how long. [Defense counsel] said [appellant] will
 continue to make bad decisions in the future. That's something to think about.
 

Taken in the context of the entire record,
the prosecutor's statements were clearly related to the crime charged. Appellant
was charged with possession of a large quantity of narcotics near a preschool.
It is common knowledge that the possession and sale of narcotics near a school
threatens the health and safety of the children. U.S. v. Crew, 916 F.2d
980, 983 (5th Cir. 1990) (recognizing that any drug-related activity
in the vicinity of a school endangers children). In her argument, the prosecutor
was merely requesting that the jury take the safety of these children into
account when assessing appellant's punishment. Therefore, the prosecutor's
argument constituted a proper plea for law enforcement. Accordingly, we overrule
appellant's sole point and affirm the trial court's judgment.
 
  
                                                                    TERRIE
LIVINGSTON
  
                                                                    JUSTICE
 
PANEL A: DAY and LIVINGSTON, JJ.; and
DAVID L. RICHARDS, J. (Sitting by Assignment).
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: March 27, 2003

1. See Tex. R. App. P. 47.4.