RAY V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-137-CR

ANTHONY LEON RAY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 16
TH
 DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In his sole point, appellant contends that the trial court erred by overruling his objection to improper comments made by the prosecutor during closing argument.  Appellant contends that the prosecutor’s comments urged the jury to “repunish” appellant for a prior conviction.  We affirm.

The purpose of closing argument is to facilitate the jury's proper analysis of the evidence so that it may arrive at a just and reasonable conclusion based on the evidence alone and not on any fact not admitted into evidence.  
Campbell v. State
, 610 S.W.2d 754, 756 (Tex. Crim. App. [Panel Op.] 1980);  
Faulkner v. State
, 940 S.W.2d 308, 311 (Tex. App.—Fort Worth 1997, pet. ref'd) (en banc op. on reh'g).  To be permissible, the State's jury argument must fall within one of the following four general areas:  (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) plea for law enforcement.  
Felder v. State
, 848 S.W.2d 85, 94-95 (Tex. Crim. App. 1992), 
cert. denied
, 510 U.S. 829 (1993);  
Alejandro v. State
, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).  The reviewing court, however, should examine the remark in the context in which it appears.  
Gaddis v. State
, 753 S.W.2d 396, 398 (Tex. Crim. App. 1988).

Appellant contends that the prosecutor’s jury argument was improper because it encouraged the jury to “repunish” him for his prior conviction for aggravated sexual assault of a child.  We disagree.  

In this case, the State charged appellant with possession of a controlled substance.  The evidence reveals that appellant was arrested in a drug-free zone.  At the punishment hearing, the prosecution introduced pen packets and judgments into evidence to establish appellant’s criminal history.  There was no testimony regarding the contents of the pen packets at the time they were admitted.  During closing argument, however, the prosecutor explained the documents, including appellant’s prior convictions for aggravated sexual assault of a child and indecency with a child.  The prosecution then made the following argument:

This is a very, very important case.  It’s not an easy one, not an easy decision for you guys to go back and make, it never is, but it is a very important one.  But make no mistake about it, you are protecting the citizens of Denton County, specifically the children– 

The trial court overruled appellant’s objection, but granted him a running objection.  The prosecutor then concluded with the following statement:

Make no mistake about it.  When you put a number in that little blank when you go back in this afternoon, you are protecting the children in Denton County.  It’s just up to you for how long.  [Defense counsel] said [appellant] will continue to make bad decisions in the future.  That’s something to think about. 

Taken in the context of the entire record, the prosecutor’s statements were clearly related to the crime charged.  Appellant was charged with possession of a large quantity of narcotics near a preschool.  It is common knowledge that the possession and sale of narcotics near a school threatens the health and safety of the children.  
U.S. v. Crew
, 916 F.2d 980, 983 (5
th
  Cir. 1990) (recognizing that any drug-related activity in the vicinity of a school endangers children).  In her argument, the prosecutor was merely requesting that the jury take the safety of these children into account when assessing appellant’s punishment.  
Therefore, the prosecutor’s argument constituted a proper plea for law enforcement.  Accordingly, we overrule appellant’s sole point and affirm the trial court’s judgment.       

TERRIE LIVINGSTON

JUSTICE

PANEL A: DAY and LIVINGSTON, JJ.; and DAVID L. RICHARDS, J. (Sitting by Assignment).

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  March 27, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P. 47.4
.