COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-220-CR

CANDICE NUNEZ APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 9 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant Candice Nunez of driving while intoxicated based on the “loss of normal use” prong, and, because she had a prior DWI conviction, the trial court sentenced her to fifty days’ confinement in Tarrant County Jail and a fine of $750.  In two points, Appellant contends that the evidence is legally and factually insufficient to sustain her conviction.  Because we hold that the evidence is legally and factually sufficient, we affirm the trial court’s judgment.

At approximately 2:15 a.m. on a clear fall morning, Officer Darren Yarbrough observed a Toyota Camry weaving within its own lane on William D. Tate Avenue and then enter the freeway without signaling a lane change.  The officer then saw the car speed up to approximately seventy-five miles per hour in an area where the maximum speed limit was sixty miles per hour.  After Officer Yarbrough turned on his overhead lights and siren, signaling the Camry driver to stop, it took the driver about one or one and one-half miles and two minutes to stop, which the officer viewed as a delayed response.

When Officer Yarbrough approached the driver, Appellant, he instructed her to get out of her car.  He noticed that she was smoking a freshly lit cigarette and that her eyes were “red and watered.”  He smelled the odor of an alcoholic beverage and noticed that her speech was slurred.  She admitted that she had had one drink before driving.  The officer then administered field sobriety tests.

On the HGN test, Appellant exhibited all six clues for intoxication.  In both eyes, there was a lack of smooth pursuit, jerking, and an onset of these symptoms prior to approximately forty-five degrees.  On the walk-and-turn test, Appellant exhibited five out of eight clues for intoxication.  She took more than twice the number of instructed steps on both portions of the test, started too soon, stepped off the line, lost her balance during a turn, and turned incorrectly.  On the one-legged stand, Appellant exhibited two out of four clues, swaying during the test and putting her foot down before the time expired.  The officer then arrested Appellant and took her to the Grapevine City Jail, where she refused to provide a breath sample.  The videotape of the field sobriety tests and breath test refusal was admitted into evidence.

Appellant does not specifically challenge this evidence but, relying on 
Gaddis v. State
,
(footnote: 2) argues that the State unduly relied on the evidence that she refused to provide a breath sample.  
Gaddis
 actually supports the State’s use of the evidence of Appellant’s refusal and the State’s inference in closing argument that Appellant refused the test because she was intoxicated.
(footnote: 3)  Accordingly, based on the appropriate standards of review,
(footnote: 4) we hold that the evidence is legally and factually sufficient to support Appellant’s conviction and affirm the trial court’s judgment.

PER CURIAM

PANEL F: DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  May 3, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
753 S.W.2d 396, 399-400 (Tex. Crim. App. 1988).

3:
Id.
; 
see also
 
Tex. Transp. Code Ann. 
§ 724.015(1) (Vernon Supp. 2006)  (providing that refusal “may be admissible in a subsequent prosecution”).

4:
See Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005) (both providing legal sufficiency standard of review); 
Watson v. State
, 204 S.W.3d 404, 414-15, 417 (Tex. Crim. App. 2006); 
Drichas v. State
, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005); 
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003); 
Johnson v. State
, 23 S.W.3d 1, 8-9, 11-12 (Tex. Crim. App. 2000); 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997) (all providing factual sufficiency standard of review).