MEMORANDUM OPINION


No. 04-07-00890-CR



Carlos R. VEGA,


Appellant



v.



STATE of Texas,


Appellee



From the 293rd Judicial District Court, Zavala County, Texas


Trial Court No. 05-11-02988-ZCR


Honorable Cynthia L. Muniz, Judge Presiding



Opinion by: Steven C. Hilbig, Justice


Sitting: Karen Angelini, Justice

 Phylis J. Speedlin, Justice

 Steven C. Hilbig, Justice


Delivered and Filed: June 10, 2009


AFFIRMED

 A jury convicted Carlos Vega of aggravated robbery, and the trial court sentenced him to
eight years in prison. On appeal, Vega complains (1) the evidence is legally and factually
insufficient to prove he used or exhibited a deadly weapon during the robbery, (2) there was
insufficient corroboration of accomplice testimony to support the conviction, and (3) the trial court
erred in denying his request for a mistrial based on improper jury arguments by the State. (1) We affirm
the trial court's judgment. 

Background

 On June 28, 2005, Vega and Robert Robles purchased gas from a Get-N-Go convenience
store located in Crystal City, Texas. Shortly thereafter, two men with covered faces entered the store
and committed a robbery. According to store clerk Imelda Guzman, one of the men was holding a
gun. Although the men's faces were covered, she testified she identified Vega and his co-defendant
Robert Robles from their voices. Both men were well-known to Guzman because they were frequent
customers. 

 Several months after the robbery, Zavala County Sheriff Eusebio Salinas Jr. asked Vega to
come in and discuss the robbery. Vega eventually gave two written statements in which he admitted
committing the robbery with Robles. In his first statement, Vega admitted entering the store to pay
for gas just before committing the robbery and saw the clerk was alone. Vega stated he and Robles
started joking about robbing the store. The joking morphed into a plan. Vega and Robles changed
clothes, and Vega admitted using a shirt to cover his face and donning gloves to avoid leaving
fingerprints. Both men entered the store, but Vega claimed Robles was carrying a gun. Vega
claimed he burned the clothes and gloves he wore during the robbery the next day. In his second
statement, given more than one month after the first, Vega said the gun used in the robbery was a
black "BB gun" he owned. The BB gun was turned over to the sheriff's office and placed into
evidence before the jury. 

Sufficiency of the Evidence

 In his first ground of error, Vega attacks the evidence supporting the jury's finding that a
firearm was used or exhibited during the robbery. Vega argues his confession demonstrates the
weapon used was a BB gun, not a firearm. (2)

 We review the evidence for legal sufficiency by looking at all of the evidence in the light
most favorable to the verdict to determine whether any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. Prible v. State, 175 S.W.3d 724, 729-30 (Tex. Crim. App.), cert. denied, 546 U.S. 962 (2005). We resolve any inconsistencies in the
testimony in favor of the verdict. Curry v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000). In
a factual sufficiency review, we view the evidence in a neutral light and ask whether the evidence
supporting the verdict is so weak or so against the great weight and preponderance of the evidence
as to render the verdict manifestly unjust. Grotti v. State, 273 S.W.3d 273, 280 (Tex. Crim. App.
2008). We cannot find the evidence factually insufficient merely because there are "reasonably equal
competing theories of causation." Steadman v. State, No. PD-1311-08, 2009 WL 838550, at *4
(Tex. Crim. App. Apr. 1, 2009) (quoting Goodman v. State, 66 S.W.3d 283, 287 (Tex. Crim. App.
2001)). 

 During her testimony Guzman told the jury she thought the gun was "real." When she was
shown the BB gun Vega claimed was the one used in the robbery, Guzman testified the BB gun was
not the one displayed during the robbery. 

 The State placed into evidence a videotape from a surveillance camera that captured the
robbery. Sheriff Salinas testified the weapon is plainly visible during the replay of the tape. He was
asked to view the videotape of the robbery during the trial. He testified the weapon used in the
robbery, which appears on the videotape, was not the BB gun given to him by Vega. Sheriff Salinas
testified to specific differences between the gun used in the robbery, as shown in the videotape, and
the BB gun turned in by Vega. 

 Co-defendant Robles testified at trial and told the jury the gun he used during the robbery was
"a real gun." When shown the BB gun, Robles insisted it was not the gun he used during the
robbery, noting the coloration was different. 

 Based on the evidence, a rational jury could have found that the gun used during the robbery
was a firearm, rather than the BB gun Vega claimed in his statement was the gun used in the robbery. 
The evidence, when viewed in a neutral light, is not so weak or so against the great weight and
preponderance of the evidence as to render the verdict manifestly unjust. Accordingly, Vega's first
issue is overruled.

Accomplice Testimony

 Vega next complains that, excluding accomplice testimony, there was insufficient evidence
to link him to the crime. See Tex. Code Crim. Proc. Ann. art. 38.14 (Vernon 2005) ("A conviction
cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending
to connect the defendant with the offense committed; and the corroboration is not sufficient if it
merely shows the commission of the offense.") When assessing a claim of insufficient evidence to
corroborate an accomplice, the non-accomplice evidence need only "tend to connect" the defendant
to the crime; it is not required to corroborate every element of the offense. See Joubert v. State, 235
S.W.3d 729, 731 (Tex. Crim. App. 2007). Under most circumstances, a defendant's admission or
confession is sufficient to corroborate the accomplice testimony. See id. at n. 8 (citing Jackson v.
State, 516 S.W.2d 167, 171 (Tex. Crim. App. 1974)).

 Vega makes no complaint about the voluntariness of his two confessions, which were entered
into evidence and therefore before the jury. While the confessions would be sufficient corroboration
of Robles's testimony by themselves, the victim also identified Vega as one of the robbers. 
Accordingly, Vega's second issue is overruled.

Denial of Mistrial

 Finally, Vega complains the trial court erred in failing to grant a mistrial due to improper jury
arguments made by the prosecutor. Proper jury argument is generally limited to a summation of
evidence, reasonable deductions from the evidence, answer to argument from opposing counsel, and
pleas for law enforcement. Brown v. State, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008). "[E]rror
exists when facts not supported by the record are interjected in the argument, but such error is not
reversible unless, in light of the record, the argument is extreme or manifestly improper." Id. (citing
Allridge v. State, 762 S.W.2d 146, 155 (Tex. Crim. App. 1988)). The purportedly improper
argument must be considered in the context in which it is made. Gaddis v. State, 753 S.W.2d 396,
398 (Tex. Crim. App. 1988).

 We review a trial court's decision not to grant a mistrial under an abuse of discretion
standard. Hawkins v. State, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). But a mistrial is a remedy
of last resort. "Only in extreme circumstances, where the prejudice is incurable, will a mistrial be
required." Id. Usually, an instruction to disregard the argument will cure any error caused by
improper argument. Dinkins v. State, 894 S.W.2d 330, 357 (Tex. Crim. App.), cert. denied, 516 U.S.
832 (1995).

 Vega first complains about the State's reference to Vega's prior burglary conviction. After
counsel objected to the State's reference to the conviction, the prosecutor and defense counsel
engaged in a colloquy with the court about the use of the conviction and the applicable law. Vega
contends the State's reference to the law concerned preservation of error in the context of improper
jury arguments, and argues the State was attempting to show the jury defense counsel did not know
the law. It appears, however, the State was referring not to the law on preservation of error, but to
the law applicable to the use of evidence admitted in the absence of a limiting instruction. See
Garcia v. State, 887 S.W.2d 862, 878 (Tex. Crim. App. 1994) (holding that evidence admitted
without a limiting instruction "becomes part of the general evidence in the case and may be used as
proof to the full extent of its rational persuasive power."), abrogated in part on other grounds,
Hammock v. State, 46 S.W.3d 889, 893 (Tex. Crim. App. 2001). When the State cross-examined
Vega, it asked him about his prior felony conviction for burglary. Vega's counsel did not request
a limiting instruction and none was given sua sponte by the court. Nor did the jury charge contain
any such instruction. Accordingly, the conviction was before the jury for all purposes, and the
State's reference to the conviction was not improper argument. See id. 

 Moreover, the State's remarks appear to have been in response to defense counsel's
argument. During his closing, defense counsel acknowledged Vega had signed two confessions. 
In an attempt to explain why an innocent person would confess to a crime he did not commit,
defense counsel argued Vega was a young person not familiar with the justice system. According
to defense counsel, when the police promised Vega he could leave if he signed the confessions, Vega
signed not because he committed the crime, but because he thought it would bring an end to the
matter. The State's reference to the prior conviction was a response to this argument. The evidence
of Vega's prior involvement in the criminal justice system for a different crime before the execution
of either statement demonstrates Vega was not someone completely unfamiliar with the criminal
justice system.

 Vega next contends the State engaged in improper argument when the prosecutor told the
jury, "And as I told the sheriff under cross-examination or under examination when I was asking him
questions, we don't lie and we don't cheat as long as I'm District Attorney." This comment was
based on an exchange that occurred during the State's redirect examination of the sheriff. When
Vega's attorney had cross-examined the sheriff, the attorney suggested the sheriff had tricked Vega
into confessing by lying to him. On redirect, the prosecutor asked the sheriff whether his office ever
lied, tricked, or made things up to obtain a confession from a suspect. The sheriff stated it did not. 
When the State referred to the exchange during closing argument, Vega's attorney objected, and the
trial court sustained the objection, instructed the jury to disregard the statement, but denied the
request for a mistrial. 

 The State's comment to the jury was made in response argument by defense counsel, who
attacked the sheriff's credibility, and the resulting confessions, during his closing argument. It is
troubling that the prosecutor interjected himself into the response by using the word "we" rather than
referring only to the sheriff, but the State's comments were based on evidence before the jury. 
Accordingly, the comments were not improper. 

 Even if one or both arguments were found to be improper, the arguments were not so
prejudicial as to be one of those extreme circumstances which required a mistrial. While in the first
instance the trial court did not give the jury an instruction to disregard the comment, it provided the
functional equivalent by telling the jury Vega's prior conviction could be considered for
impeachment purposes only; in essence telling the jury to disregard the State's argument. In the
second instance, the trial court specifically instructed the jury to disregard the prosecutor's argument. 
We hold the court's instructions cured any error and overrule this last issue. See Dinkins, 894
S.W.2d at 357. 

Conclusion

 The judgment of the trial court is affirmed.


 Steven C. Hilbig, Justice

Do Not Publish
1. Vega originally raised a fourth issue, complaining the trial court erred in failing to conduct a hearing on
the voluntariness of his confession prior to its admission into evidence. In response to this complaint, we abated the
appeal and remanded the cause to the trial court to conduct the required hearing. See Tex. Code Crim. Proc. Ann. art.
38.22 § 6 (Vernon 2005); Jackson v. Denno, 378 U.S. 368 (1964). The trial court complied with our order and the clerk
filed a supplement clerk's record containing findings of fact and conclusions of law relating to the voluntariness of
Vega's confession. Accordingly, Vega's complaint about the trial court's failure to conduct a voluntariness hearing has
been rendered moot. Vega has made no further complaint about the voluntariness of his confession. 
2. A BB gun is not a firearm. See Tex. Penal Code Ann. § 46.01(3) (Vernon Supp. 2008); see also Adame
v. State, 69 S.W.3d 581, 582 (Tex. Crim. App. 2002) (holding that BB gun is not deadly weapon per se).