Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★ ★ ★ ★ ★ ★

**MEMORANDUM OPINION**

No. 04-07-00890-CR

Carlos R. **VEGA**,
Appellant

v.

**STATE** of Texas,
Appellee

From the 293rd Judicial District Court, Zavala County, Texas
Trial Court No. 05-11-02988-ZCR
Honorable Cynthia L. Muniz, Judge Presiding

Opinion by:   Steven C. Hilbig, Justice

Sitting:   Karen Angelini, Justice
           Phylis J. Speedlin, Justice
           Steven C. Hilbig, Justice

Delivered and Filed:   June 10, 2009

AFFIRMED

A jury convicted Carlos Vega of aggravated robbery, and the trial court sentenced him to eight years in prison. On appeal, Vega complains (1) the evidence is legally and factually insufficient to prove he used or exhibited a deadly weapon during the robbery, (2) there was insufficient corroboration of accomplice testimony to support the conviction, and (3) the trial court

erred in denying his request for a mistrial based on improper jury arguments by the State.[1] We affirm the trial court's judgment.

## BACKGROUND

On June 28, 2005, Vega and Robert Robles purchased gas from a Get-N-Go convenience store located in Crystal City, Texas. Shortly thereafter, two men with covered faces entered the store and committed a robbery. According to store clerk Imelda Guzman, one of the men was holding a gun. Although the men's faces were covered, she testified she identified Vega and his co-defendant Robert Robles from their voices. Both men were well-known to Guzman because they were frequent customers.

Several months after the robbery, Zavala County Sheriff Eusebio Salinas Jr. asked Vega to come in and discuss the robbery. Vega eventually gave two written statements in which he admitted committing the robbery with Robles. In his first statement, Vega admitted entering the store to pay for gas just before committing the robbery and saw the clerk was alone. Vega stated he and Robles started joking about robbing the store. The joking morphed into a plan. Vega and Robles changed clothes, and Vega admitted using a shirt to cover his face and donning gloves to avoid leaving fingerprints. Both men entered the store, but Vega claimed Robles was carrying a gun. Vega claimed he burned the clothes and gloves he wore during the robbery the next day. In his second statement, given more than one month after the first, Vega said the gun used in the robbery was a

---

[1] Vega originally raised a fourth issue, complaining the trial court erred in failing to conduct a hearing on the voluntariness of his confession prior to its admission into evidence. In response to this complaint, we abated the appeal and remanded the cause to the trial court to conduct the required hearing. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22 § 6 (Vernon 2005); *Jackson v. Denno*, 378 U.S. 368 (1964). The trial court complied with our order and the clerk filed a supplement clerk's record containing findings of fact and conclusions of law relating to the voluntariness of Vega's confession. Accordingly, Vega's complaint about the trial court's failure to conduct a voluntariness hearing has been rendered moot. Vega has made no further complaint about the voluntariness of his confession.

black "BB gun" he owned. The BB gun was turned over to the sheriff's office and placed into evidence before the jury.

### SUFFICIENCY OF THE EVIDENCE

In his first ground of error, Vega attacks the evidence supporting the jury's finding that a firearm was used or exhibited during the robbery. Vega argues his confession demonstrates the weapon used was a BB gun, not a firearm.[2]

We review the evidence for legal sufficiency by looking at all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Prible v. State*, 175 S.W.3d 724, 729-30 (Tex. Crim. App.), *cert. denied*, 546 U.S. 962 (2005). We resolve any inconsistencies in the testimony in favor of the verdict. *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000). In a factual sufficiency review, we view the evidence in a neutral light and ask whether the evidence supporting the verdict is so weak or so against the great weight and preponderance of the evidence as to render the verdict manifestly unjust. *Grotti v. State*, 273 S.W.3d 273, 280 (Tex. Crim. App. 2008). We cannot find the evidence factually insufficient merely because there are "reasonably equal competing theories of causation." *Steadman v. State*, No. PD-1311-08, 2009 WL 838550, at *4 (Tex. Crim. App. Apr. 1, 2009) (quoting *Goodman v. State*, 66 S.W.3d 283, 287 (Tex. Crim. App. 2001)).

During her testimony Guzman told the jury she thought the gun was "real." When she was shown the BB gun Vega claimed was the one used in the robbery, Guzman testified the BB gun was not the one displayed during the robbery.

---

[2] A BB gun is not a firearm. *See* TEX. PENAL CODE ANN. § 46.01(3) (Vernon Supp. 2008); *see also Adame v. State*, 69 S.W.3d 581, 582 (Tex. Crim. App. 2002) (holding that BB gun is not deadly weapon per se).

The State placed into evidence a videotape from a surveillance camera that captured the robbery. Sheriff Salinas testified the weapon is plainly visible during the replay of the tape. He was asked to view the videotape of the robbery during the trial. He testified the weapon used in the robbery, which appears on the videotape, was not the BB gun given to him by Vega. Sheriff Salinas testified to specific differences between the gun used in the robbery, as shown in the videotape, and the BB gun turned in by Vega.

Co-defendant Robles testified at trial and told the jury the gun he used during the robbery was "a real gun." When shown the BB gun, Robles insisted it was not the gun he used during the robbery, noting the coloration was different.

Based on the evidence, a rational jury could have found that the gun used during the robbery was a firearm, rather than the BB gun Vega claimed in his statement was the gun used in the robbery. The evidence, when viewed in a neutral light, is not so weak or so against the great weight and preponderance of the evidence as to render the verdict manifestly unjust. Accordingly, Vega's first issue is overruled.

## ACCOMPLICE TESTIMONY

Vega next complains that, excluding accomplice testimony, there was insufficient evidence to link him to the crime. *See* TEX. CODE CRIM. PROC. ANN. art. 38.14 (Vernon 2005) ("A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense.") When assessing a claim of insufficient evidence to corroborate an accomplice, the non-accomplice evidence need only "tend to connect" the defendant to the crime; it is not required to corroborate every element of the offense. *See Joubert v. State*, 235

S.W.3d 729, 731 (Tex. Crim. App. 2007). Under most circumstances, a defendant's admission or confession is sufficient to corroborate the accomplice testimony. *See id*. at n. 8 (citing *Jackson v. State*, 516 S.W.2d 167, 171 (Tex. Crim. App. 1974)).

Vega makes no complaint about the voluntariness of his two confessions, which were entered into evidence and therefore before the jury. While the confessions would be sufficient corroboration of Robles's testimony by themselves, the victim also identified Vega as one of the robbers. Accordingly, Vega's second issue is overruled.

### DENIAL OF MISTRIAL

Finally, Vega complains the trial court erred in failing to grant a mistrial due to improper jury arguments made by the prosecutor. Proper jury argument is generally limited to a summation of evidence, reasonable deductions from the evidence, answer to argument from opposing counsel, and pleas for law enforcement. *Brown v. State*, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008). "[E]rror exists when facts not supported by the record are interjected in the argument, but such error is not reversible unless, in light of the record, the argument is extreme or manifestly improper." *Id.* (citing *Allridge v. State*, 762 S.W.2d 146, 155 (Tex. Crim. App. 1988)). The purportedly improper argument must be considered in the context in which it is made. *Gaddis v. State*, 753 S.W.2d 396, 398 (Tex. Crim. App. 1988).

We review a trial court's decision not to grant a mistrial under an abuse of discretion standard. *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). But a mistrial is a remedy of last resort. "Only in extreme circumstances, where the prejudice is incurable, will a mistrial be required." *Id.* Usually, an instruction to disregard the argument will cure any error caused by

improper argument. *Dinkins v. State*, 894 S.W.2d 330, 357 (Tex. Crim. App.), *cert. denied*, 516 U.S. 832 (1995).

Vega first complains about the State's reference to Vega's prior burglary conviction. After counsel objected to the State's reference to the conviction, the prosecutor and defense counsel engaged in a colloquy with the court about the use of the conviction and the applicable law. Vega contends the State's reference to the law concerned preservation of error in the context of improper jury arguments, and argues the State was attempting to show the jury defense counsel did not know the law. It appears, however, the State was referring not to the law on preservation of error, but to the law applicable to the use of evidence admitted in the absence of a limiting instruction. *See Garcia v. State*, 887 S.W.2d 862, 878 (Tex. Crim. App. 1994) (holding that evidence admitted without a limiting instruction "becomes part of the general evidence in the case and may be used as proof to the full extent of its rational persuasive power."), *abrogated in part on other grounds*, *Hammock v. State*, 46 S.W.3d 889, 893 (Tex. Crim. App. 2001). When the State cross-examined Vega, it asked him about his prior felony conviction for burglary. Vega's counsel did not request a limiting instruction and none was given *sua sponte* by the court. Nor did the jury charge contain any such instruction. Accordingly, the conviction was before the jury for all purposes, and the State's reference to the conviction was not improper argument. *See id.*

Moreover, the State's remarks appear to have been in response to defense counsel's argument. During his closing, defense counsel acknowledged Vega had signed two confessions. In an attempt to explain why an innocent person would confess to a crime he did not commit, defense counsel argued Vega was a young person not familiar with the justice system. According to defense counsel, when the police promised Vega he could leave if he signed the confessions, Vega

signed not because he committed the crime, but because he thought it would bring an end to the matter. The State's reference to the prior conviction was a response to this argument. The evidence of Vega's prior involvement in the criminal justice system for a different crime before the execution of either statement demonstrates Vega was not someone completely unfamiliar with the criminal justice system.

Vega next contends the State engaged in improper argument when the prosecutor told the jury, "And as I told the sheriff under cross-examination or under examination when I was asking him questions, we don't lie and we don't cheat as long as I'm District Attorney." This comment was based on an exchange that occurred during the State's redirect examination of the sheriff. When Vega's attorney had cross-examined the sheriff, the attorney suggested the sheriff had tricked Vega into confessing by lying to him. On redirect, the prosecutor asked the sheriff whether his office ever lied, tricked, or made things up to obtain a confession from a suspect. The sheriff stated it did not. When the State referred to the exchange during closing argument, Vega's attorney objected, and the trial court sustained the objection, instructed the jury to disregard the statement, but denied the request for a mistrial.

The State's comment to the jury was made in response argument by defense counsel, who attacked the sheriff's credibility, and the resulting confessions, during his closing argument. It is troubling that the prosecutor interjected himself into the response by using the word "we" rather than referring only to the sheriff, but the State's comments were based on evidence before the jury. Accordingly, the comments were not improper.

Even if one or both arguments were found to be improper, the arguments were not so prejudicial as to be one of those extreme circumstances which required a mistrial. While in the first

instance the trial court did not give the jury an instruction to disregard the comment, it provided the functional equivalent by telling the jury Vega's prior conviction could be considered for impeachment purposes only; in essence telling the jury to disregard the State's argument. In the second instance, the trial court specifically instructed the jury to disregard the prosecutor's argument. We hold the court's instructions cured any error and overrule this last issue. *See Dinkins*, 894 S.W.2d at 357.

## CONCLUSION

The judgment of the trial court is affirmed.


Steven C. Hilbig, Justice

Do Not Publish