

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-09-302-CR**

ALBERT ESTRADA                                                                 APPELLANT

V.

THE STATE OF TEXAS                                                                  STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Albert Estrada entered his plea of guilty to the offense of possession of methamphetamine in an amount of 200 grams or more but less than 400 grams with intent to deliver. The jury found him guilty and assessed his punishment at nineteen years' confinement. The trial court sentenced him accordingly.

In his sole issue, Appellant argues that the trial court erred by overruling his objection to improper argument by the prosecutor. Because we hold that the trial court did not err, we affirm the trial court's judgment.

---

[1] *See* Tex. R. App. P. 47.4.

At the punishment phase of the trial, Appellant testified that he had eight regular clients who would buy between an ounce and three ounces of methamphetamine per day on the weekends. The prosecutor asked if, in Appellant's experience, he knew that the average user would not use that much methamphetamine in an entire week. Appellant answered that he did. The prosecutor then asked, "So you know that you're selling to people that are ultimately going to go sell to other people?" Appellant answered, "I figured as much, yes, sir."

In jury argument, the prosecutor argued,

> We talk about [Appellant], and he told you, "I only sold to about seven or eight people." Well, did they deal? Maybe. They could have. He was selling by the ounce. He was selling 28 grams. He said that that was more than [a] normal, average person would consume on a daily basis.

Appellant objected that the prosecutor was arguing a fact outside the record. The trial court overruled the objection. Appellant now argues that the trial court's ruling constitutes reversible error.

Appellant had been asked without objection whether he realized that he was, essentially, selling to dealers. He answered that he was aware of that fact.

As the State points out, fair and reasonable inferences from the evidence are legitimate subjects for the prosecution's final argument.[2] Appellant testified that he was aware that he was selling to people who were likely drug dealers. The

---

[2] *See Gaddis v. State*, 753 S.W.2d 396, 398 (Tex. Crim. App. 1988).

prosecutor was justified in arguing this fact to the jury as a circumstance to consider in assessing punishment. The trial court therefore did not err by overruling Appellant's objection.

We overrule Appellant's sole issue and affirm the trial court's judgment.


LEE ANN DAUPHINOT
JUSTICE

PANEL: DAUPHINOT, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 10, 2010