Robert Preston GADDIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 995–86.

Court of Criminal Appeals of Texas.

May 25, 1988.

Rehearing Denied June 29, 1988.

Wayne T. Hill, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and Calvin A. Hartmann and Jon Munier, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty. and Alfred Walker, First Asst. State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

Appellant was convicted by a jury of the misdemeanor offense of driving while intoxicated. Art. 6701*l*-1(b), V.A.T.S.[1] The court assessed punishment at six months' confinement in jail, probated for two years, and a fine of $200.00. The First Court of Appeals reversed the conviction, holding the argument of the prosecutor which referred to appellant's refusal to take a breath test introduced evidence outside the record. *Gaddis v. State,* 714 S.W.2d 458 (Tex.App.—Houston [1st Dist.] 1986). We granted the State's petition for discretionary review to determine whether the ap-

peals court erred in holding the argument which implied that appellant refused to submit to a breath test because he knew his blood alcohol content would exceed .10 percent was outside the record. The State's petition alleges the prosecutor's argument was within the proper realm of jury argument, and moreover, if the argument was improper, it was not so harmful as to mandate reversal. Upon finding the prosecutor's jury argument proper in this cause, we will reverse the judgment of the appeals court and remand this case to that court for further proceedings consistent with this opinion.

The evidence presented at trial reflects that Houston police officers Perez and Morrow responded to a disturbance call at Bentley's Club on the evening of May 23, 1984. Upon their arrival, the officers were approached by two club employees who indicated that appellant, who was attempting to leave the scene in his car, was one of the people involved in the disturbance. Officer Perez questioned the appellant, determined from his speech and actions that he was intoxicated, and arrested appellant for driving while intoxicated. Officer Morrow also indicated that he believed the appellant was intoxicated. Both officers cited specific behavior which led them to this conclusion: slurred speech, heavy smell of alcohol on appellant's breath, puffy, bloodshot eyes, and difficulty maintaining balance. Other State witnesses characterized appellant as being "loud" and "cocky" after being taken to the station house. One of the witnesses, Officer Larry Henderson, a certified intoxilizer operator, also testified that appellant refused a breath test when one was requested. Henderson also stated that in his opinion, based upon appellant's behavior at the station, appellant was intoxicated.

The appellant testified that he was leaving Bentley's Club when he was suddenly attacked by club employees, and while the shock of the attack made him appear intoxi-

[1] Art. 6701*l*-1(b), V.A.T.S., provides that "a person commits an offense if the person is intoxicated while driving or operating a motor vehicle in a public place." The State proceeded under the theory found in § (a)(2) of the statute defining "intoxication" as "not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, or a combination of two or more of those substances into the body."

cated, he was "absolutely not" drunk. Other defense witnesses corroborated his story. Appellant admitted he was asked to take a breath test, but told the officers he "would not take any test without benefit of having an attorney present." He also explained his behavior at the station in terms of his being upset and having difficulty speaking due to his physical injuries from the fight at Bentley's. The State then introduced part of the videotape made of the appellant shortly after his arrest to rebut appellant's testimony relating to his physical behavior and appearance.

During the course of his closing argument, the prosecutor commented upon appellant's refusal to take a breath test and drew the following objection::

> (Mr. Munier): What's he do? He does this. He does this. "I refuse. I refuse. I refuse to take the breath test. I refuse." You know why he refuses? Because if he blows in the machine, the game is over.
>
> (Mr. Hill): I object to that. There is no evidence at all on that point.

The trial court overruled appellant's objection stating only, "This is argument. Objection is overruled."

■ To fall within the realm of proper jury argument, the argument must encompass one of the following areas: summation of the evidence presented at trial; reasonable deduction drawn from the evidence; answer to the opposing counsel's argument; or a plea for law enforcement. *Albiar v. State*, 739 S.W.2d 360, (Tex.Cr.App.1987); *Todd v. State*, 598 S.W.2d 286, (Tex.Cr.App.1980); *Dunbar v. State*, 551 S.W.2d 382, (Tex.Cr.App.1977); *Alejandro v. State*, 493 S.W.2d 230, (Tex.Cr.App.1973).

■ In examining challenges to jury argument, this Court considers the remark in the context in which it appears. *Denison v. State*, 651 S.W.2d 754, (Tex.Cr.App.1983); *Blassingame v. State*, 477 S.W.2d 600 (Tex.Cr.App.1972). Counsel is allowed wide latitude without limitation in drawing inferences from the evidence so long as the inferences drawn are reasonable, fair, legitimate, and offered in good faith. *Denison,*

supra; *Vaughn v. State,* 607 S.W.2d 914, (Tex.Cr.App.1980); *Antwine v. State,* 572 S.W.2d 541 (Tex.Cr.App.1978); *Wyatt v. State,* 566 S.W.2d 597 (Tex.Cr.App.1978); *Griffin v. State,* 554 S.W.2d 688 (Tex.Cr.App.1977). Conversely, the jury argument must be extreme or manifestly improper, or inject new and harmful facts into evidence to constitute reversible error. *Denison,* supra; *Kerns v. State,* 550 S.W.2d 91 (Tex.Cr.App.1977).

The court below based its judgment on our decision in *Jordan v. State,* 646 S.W.2d 946 (Tex.Cr.App.1983) and their interpretation of Art. 6701l–1(a)(2)(A) and (B).

In *Jordan,* supra, the prosecuting attorney, over objection, told the jury during final argument at the punishment stage of a felony marijuana possession trial to "look at the (drug) needle tracks" on the arms of the co-defendants. We reversed after finding no evidence in the record to support such argument, and citing *Jackson v. State,* 529 S.W.2d 544 (Tex.Cr.App.1975), we noted the following:

> A prosecuting attorney is permitted in his argument to draw from the facts in evidence all inferences which are reasonable, fair, and legitimate, but he may not use jury argument to get before the jury, either directly or indirectly, evidence which is outside the record. A prosecuting attorney, although free to strike hard blows, is not at liberty to strike foul ones, whether directly or indirectly. *Jordan,* supra, at 948.

■ Here, the appeals court found the State to have struck such a "foul blow." The court followed the rationale that the State chose to proceed to prove as its theory of intoxication the manner approved under Art. 6701l–1(a)(2)(A), supra, the behavioral subsection, rather than subsection (2)(B), which defines intoxication in terms of alcohol concentration found in the breath or blood of a suspect. Following this rationale, the appeals court stated:

> There was nothing in the record to show that appellant's alcohol concentration was .10% or more, as asserted by the state's argument. By use of improper

jury argument, the state could not ask the jury to convict the defendant under either 6701L–1(a)(2)(A) or 6701L–1(a)(2)(B). The state's argument was an attempt to inject new facts harmful to the accused into the trial proceeding.... The prejudicial effect of the prosecutor's argument that appellant's alcohol concentration was .10% or more ("if he blows the machine, the game is over"), unsupported by any admissible evidence, far outweighs any probative value it might have had. (citations omitted)

In reaching its decision in this case, the Court of Appeals clearly treated the prosecuting attorney's comment during final argument as something it was not. The prosecutor did not say, for example, "If he blows the machine, he will blow a .10%." While the difference may at first blush appear small, the two comments are not similar at all in the larger vein. Given the provisions found under Art. 6701l–5, V.A.T. S.[2] allowing for the introduction into evidence of a defendant's refusal to take a breath test upon request of law enforcement officials, and appellant's presumed admissible refusal to submit to such test here, the prosecutor was entitled to infer that appellant refused because he thought himself legally drunk. To say that such a comment, couched in general terms, may be equated with a specific comment or reference to the statutorily-mandated "presumption" of intoxication, strains logic. Moreover, the fact remains that appellant's refusal was admitted into evidence, a fact the Court of Appeals implicitly approves in its treatment of the case. That fact being in evidence, the State did not raise an inference based upon a fact outside the record, and any legitimate inference arising from the refusal was proper commentary. While it would be improper for the State's counsel to say that appellant refused because he *was* intoxicated at a level of .10% or higher, since there was *no* evidence of *any* measured level of intoxication, it was not improper to simply argue that appellant refused because he was intoxicated. Argument by the prosecuting attorney following the objection demonstrates this general commentary:

> Put yourself in that place. If you knew you weren't intoxicated; if you knew you hadn't had enough to drink to be intoxicated; you knew you had the normal use of your mental and physical faculties, wouldn't you march right up there and blow in that machine? ....

We therefore hold that under the facts of the case, and assuming that a refusal to accede to a request for a breath sample was properly admitted at trial, the State's contention that appellant refused to take a breath test for fear "the game (would be) over," inferring he would fail the test for legal sobriety but not making a concrete assertion as to what level or percentage was thereby attained, is a reasonable and legitimate deduction given the evidence of the refusal, the evidence demonstrating appellant's behavior and actions on the night in question, and the context in which the remark by the prosecutor appeared. See

---

**2.** The statute provides in pertinent part:

Sec. 1. Any person who operates a motor vehicle upon the public highways or upon a public beach in this state shall be deemed to have given consent, subject to the provisions of this Act, to submit to the taking of one or more specimens of his breath or blood for the purpose of analysis to determine the alcohol concentration or the presence in his body of a controlled substance or drug if arrested for any offense arising out of acts alleged to have been committed while a person was driving or in actual physical control of a motor vehicle while intoxicated. Any person so arrested may consent to the giving of any other type of specimen to determine his alcohol concentration, but he shall not be deemed, solely on the basis of his operation of a motor vehicle upon the public highways or upon a public beach in this state, to have given consent to give any type of specimen other than a specimen of his breath or blood. The specimen, or specimens, shall be taken at the request of a peace officer having reasonable grounds to believe the person to have been driving or in actual physical control of a motor vehicle upon the public highways or upon a public beach in this state while intoxicated.

\* \* \* \* \* \*

Sec. 3(g): If the person refuses a request by an officer to give a specimen of breath or blood, whether the refusal was express or the result of an intentional failure of the person to give the specimen, that fact may be introduced into evidence at the person's trial.

**400**

*Denison,* supra. The purpose of closing argument is to assimilate the evidence to assist the fact-finder in drawing proper conclusions from the evidence. The jury is then free to accept or reject such conclusions and inferences. In a case involving these facts, a jury could logically conclude appellant's refusal indicated some degree of intoxication, or they could accept appellant's own given reason for such a refusal. No improper reference to matters outside the record was made. See *Johnson v. State,* 698 S.W.2d 154 (Tex.Cr.App.1985); *Cannon v. State,* 668 S.W.2d 401 (Tex.Cr. App.1984); *Denison,* supra; *Vaughn;* supra.

Therefore, given the foregoing reasons, the judgment of the Court of Appeals is reversed and this cause is remanded to that court for consideration of appellant's other points of error.

CLINTON, MILLER and CAMPBELL, JJ., concur in the result.

TEAGUE, J., dissents.