In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-391 CR


____________________



MICHAEL ALBERT PERRISSI, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the County Court at Law No. 2 


Jefferson County, Texas


Trial Cause No. 209398






MEMORANDUM OPINION



 A jury convicted Michael Albert Perrissi of misdemeanor driving while intoxicated. 
The trial court assessed punishment at ninety days in jail, fined Perrissi $300, suspended the
imposition of the sentence, and placed him on probation for one year. In this appeal, Perrissi
challenges the sufficiency of the evidence to support the conviction, and also asserts the
prosecutor made an improper jury argument. We affirm the judgment of the trial court.


The Evidence


 Deputy Gary Spencer testified he observed a vehicle pass him "on the outside lane,
and when it passed [he] noticed that it was drifting from its travel lane over the painted line
divider into the other traffic lane." He followed the vehicle three or four blocks. The vehicle
stopped in the parking lot of a club. The deputy pulled up behind it and activated the
overhead lights. Perrissi stepped out of his vehicle. Spencer asked for Perrissi's driver's
license. The deputy testified Perrissi began to "kind of fumble through his wallet" and
handed the deputy a couple of credit cards. Spencer described Perrissi as follows: 

 [H]e had a sway. He was swaying back and forth, seemed very unsteady, his
balance was unsteady. While talking to him I detected an odor of alcohol on
his breath. I also noted that his . . . words were kind of slurred together and
what I would call thick-tongued.


Spencer conducted field sobriety tests. On the "walk-and-turn test," Perrissi's "footing was
unsure. He missed a step. He would step off, stumble a little bit. . . ." "[H]is balance was
very poor." Spencer testified Perrissi was unable to satisfactorily complete the test. During
the "one-leg counting stand" test, the deputy "observed that [Perrissi's] balance was
unsteady, his coordination seemed to be impaired, he was having trouble completing the
test." Deputy Spencer attempted to perform a "nystagmus gaze test" but Perrissi was unable
to complete the test because he could not follow Spencer's instructions. The deputy testified
that during the nystagmus gaze test, the person must keep his head straight and not move it
from side-to-side. However, as described by Spencer, Perrissi "continued to move his head
from side to side, which made it hard for [Spencer] to perform the test accurately." Further,
Perrissi "would also look down at the ground, which made it hard to perform the test." Based
on Perrissi's driving performance, the field sobriety tests, Deputy Spencer's training and
experience, and his belief that Perrissi was intoxicated, the deputy arrested Perrissi and took
him to jail. 

 Perrissi testified he had been to Austin with his son and returned the boy to his mother
in Beaumont at 6:00 p.m. Perrissi testified he never drinks when he is with his son. Perrissi
said he then went to visit a friend for a few hours but did not drink; he next stopped at the
Waffle House and then went to the club. Perrissi denied giving the officer credit cards
instead of a driver's license and testified he had no trouble walking or standing. As for the
alcohol smell, he testified he "hadn't had anything to drink." Except for the ABC test,
Perrissi testified he did not perform any sobriety tests. He indicated he refused to take the
breath test because he does not believe in the machines. Finally, he explained he always
sways, because he cannot stand "just perfectly still." Perrissi denied he was driving while
intoxicated.

The Sufficiency Issue


 In his first issue, Perrissi argues the evidence was legally and factually insufficient to
prove he was intoxicated. A person is intoxicated when he does not have the normal use of
his mental or physical faculties by reason of the introduction of alcohol into the body. Tex.
Pen. Code Ann. § 49.01(2)(A) (Vernon 2003). A person commits the offense of driving
while intoxicated "if the person is intoxicated while operating a motor vehicle in a public
place." Tex. Pen. Code Ann. § 49.04(a) (Vernon 2003).

 In a legal sufficiency review, an appellate court considers all the evidence in the light
most favorable to the verdict in order to determine whether any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Escamilla v. State, 143
S.W.3d 814, 817 (Tex. Crim. App. 2004). In a factual sufficiency issue, the reviewing court
considers all the evidence in a neutral light and sets the verdict aside only if the evidence is
so weak that the verdict is clearly wrong and manifestly unjust, or the contrary evidence is
so strong that the standard of proof could not have been met. Escamilla, 143 S.W.3d at 817
(citing Zuniga v. State, 144 S.W.3d 477, 483 (Tex. Crim. App. 2004)). 

 Viewing all the evidence in the light most favorable to the verdict, there was evidence
Perrissi was intoxicated. Deputy Spencer testified Perrissi was drifting in and out of the lane,
had slurred speech, was unsteady on his feet, was swaying back and forth, smelled of alcohol,
demonstrated poor balance, had impaired coordination, could not complete the nystagmus
gaze test, and failed the walk-and-turn test. Viewing all the evidence in a neutral light, there
is also ample evidence from which a fact finder could conclude rationally beyond a
reasonable doubt that Perrissi was guilty. The jury heard Spencer's and Perrissi's accounts
of the night's events. We give deference to the jury's determinations, including
determinations involving the credibility and demeanor of the witnesses; we may not
substitute our judgment for that of the jury's. Zuniga, 144 S.W.3d at 481-82. The evidence
of intoxication was neither so obviously weak that the verdict is clearly wrong and manifestly
unjust, nor was the jury's verdict so contrary to the evidence that the beyond-a-reasonable-doubt burden of proof could not have been met. Issue one is overruled.

 In issue two, Perrissi maintains the prosecutor went outside the bounds of proper jury
argument during his closing statement. Generally, proper jury argument may cover (1)
summation of the evidence, (2) reasonable deduction from the evidence, (3) answer to
argument of opposing counsel, and (4) plea for law enforcement. Wesbrook v. State, 29
S.W.3d 103, 115 (Tex. Crim. App. 2000). The prosecutor made the following statement to
which defense counsel objected: 

 [Prosecutor]: Let's go back to what the officer testified to. He told you he
pulled [Perrissi] over, got him out, he was swaying. 


 [Defense Counsel]: Your Honor, object to that improper statement testimony. 
Mr. Perrissi parked, not that the officer pulled him over. . . . 


From trial counsel's objection, we understand the complaint to be that the prosecutor's
remark is an incorrect summation of Spencer's testimony or an argument outside the record. 
Summation of the evidence and reasonable deductions from the evidence are proper areas of
jury argument. Wesbrook, 29 S.W.3d at 115. The prosecutor correctly summarized the
evidence when he said Deputy Spencer indicated appellant was swaying. Spencer expressly
testified to that. However, the officer also testified he followed the vehicle for three or four
blocks; Perrissi pulled into a parking lot, and Spencer followed him there. The deputy
activated his emergency lights. Perrissi exited the vehicle. Even though the prosecutor's
statement -- that the officer said he pulled appellant over and got appellant out of the vehicle
-- may have been an incorrect interpretation of what occurred, the jury heard the deputy's
testimony and was free to come to its own conclusion regarding the correctness of the
prosecutor's statement. Counsel is allowed wide latitude in drawing inferences from the
evidence so long as the inferences drawn are reasonable and offered in good faith. Shannon
v. State, 942 S.W.2d 591, 597 (Tex. Crim. App. 1996) (citing Gaddis v. State, 753 S.W.2d
396, 398 (Tex. Crim. App. 1988)). To constitute reversible error, jury argument must be
extreme or manifestly improper or inject new, harmful facts into the case. Jackson v. State,
17 S.W.3d 664, 673-74 (Tex. Crim. App. 2000) (citing Gaddis, 753 S.W.2d at 398). 

 Even if the trial court erred in overruling appellant's objection to the prosecutor's
statement, we find no harm. The alleged error relating to jury argument is non-constitutional
and must be disregarded unless it affected appellant's substantial rights. See Tex. R. App.
44.2(b). The prosecutor's summation or inference of the evidence did not inject new,
harmful facts. His statement was brief and not repeated and was an interpretation of facts
to which Deputy Spencer previously testified. We are persuaded the jury had ample evidence
before it to support the conviction, and the prosecutor's remark did not have a substantial and
injurious effect or influence on the jury's finding of guilt. See Tex. R. App. P. 44.2. Issue
two is overruled.

 We sustain the conviction for misdemeanor driving while intoxicated. 

 AFFIRMED.

 ___________________________________

 DAVID GAULTNEY

 Justice


Submitted on April 27, 2006

Opinion Delivered July 26, 2006

Do Not Publish


Before Gaultney, Kreger, and Horton, JJ.