COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-09-302-CR

 

 

ALBERT ESTRADA                                                                            APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

              FROM THE 371ST
DISTRICT COURT OF TARRANT COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

Appellant Albert Estrada entered his plea of
guilty to the offense of possession of methamphetamine in an amount of 200
grams or more but less than 400 grams with intent to deliver.  The jury found him guilty and assessed his
punishment at nineteen years=
confinement.  The trial court sentenced
him accordingly.

In his sole issue, Appellant argues that the
trial court erred by overruling his objection to improper argument by the
prosecutor.  Because we hold that the
trial court did not err, we affirm the trial court=s
judgment.








At the punishment phase of the trial,
Appellant testified that he had eight regular clients who would buy between an
ounce and three ounces of methamphetamine per day on the weekends.  The prosecutor asked if, in Appellant=s
experience, he knew that the average user would not use that much
methamphetamine in an entire week. 
Appellant answered that he did. 
The prosecutor then asked, ASo you
know that you=re selling to people that are
ultimately going to go sell to other people?@  Appellant answered, AI figured
as much, yes, sir.@ 


In jury argument, the prosecutor argued, 

We
talk about [Appellant], and he told you, AI only sold to about seven or eight people.@  Well, did they deal?  Maybe. 
They could have.  He was selling
by the ounce.  He was selling 28
grams.  He said that that was more than
[a] normal, average person would consume on a daily basis.

 

Appellant objected that the prosecutor was arguing a fact outside the
record.  The trial court overruled the
objection.  Appellant now argues that the
trial court=s ruling constitutes reversible
error.  

Appellant had been asked without objection
whether he realized that he was, essentially, selling to dealers.  He answered that he was aware of that
fact.  








As the State points out, fair and reasonable
inferences from the evidence are legitimate subjects for the prosecution=s final
argument.[2]  Appellant
testified that he was aware that he was selling to people who were likely drug
dealers.  The prosecutor was justified in
arguing this fact to the jury as a circumstance to consider in assessing
punishment.  The trial court therefore
did not err by overruling Appellant=s
objection.  

We overrule Appellant=s sole
issue and affirm the trial court=s
judgment.

 

 

LEE
ANN DAUPHINOT

JUSTICE

 

PANEL:  DAUPHINOT, WALKER, and MEIER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  June 10, 2010











[1]… See Tex. R. App. P. 47.4.





[2]… See Gaddis v. State, 753 S.W.2d 396, 398 (Tex. Crim.
App. 1988).