COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
|---|---|---|
| ALEJANDRO GARCIA, | | No. 08-08-00322-CR |
|  | § | |
| Appellant, | | Appeal from |
|  | § | |
| v. | | 384th District Court |
|  | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
|  | § | |
| Appellee. | | (TC # 20080D03392) |
|  | § | |

## O P I N I O N

Alejandro Garcia appeals his conviction of felony driving while intoxicated. A jury found Appellant guilty and assessed his punishment at imprisonment for ten years. We affirm.

### FACTUAL SUMMARY

Shortly after midnight on June 8, 2008, El Paso Police Officer Jose Medina observed a vehicle driven by Appellant coming through an alley with the headlights off. Medina became suspicious and decided to follow the vehicle as it pulled out onto the street. Appellant initially drove the vehicle over the center line which placed him in the lane with oncoming traffic. As he continued down the street, Appellant's vehicle straddled the lanes and swerved between the right and left lanes three times without any signal. Medina suspected Appellant was intoxicated but he pulled alongside the vehicle to determine if Appellant were distracted by "fiddling around" with a cell phone. Appellant was not on the phone and Medina noticed he was also driving without a seat belt. Consequently, Medina decided to conduct a traffic stop. When Medina approached the driver's door, he saw that the window was missing and there was broken glass on Appellant's lap, the seat, and the floor of the vehicle. Appellant denied that he had been drinking but Medina could smell an

odor of alcohol on Appellant's breath and he also had bloodshot eyes and slurred speech. In Medina's opinion, Appellant was intoxicated as he did not have the normal use of his physical and mental faculties. Medina based his opinion on his training and experience in conducting other DWI investigations and on his observation of Appellant for approximately thirty minutes. Because he believed Appellant was intoxicated and should not be operating a vehicle, Medina called for a DWI unit. Medina did not continue to investigate the case personally because he was on "directed patrol" which required him to be immediately available to assist other officers who were working in plain clothes. Medina left after speaking with Officer Jesus Payan about his stop of Appellant.

The State introduced a videotape made by Payan at the scene. The videotape did not record sound due to a defect but Payan narrated the video while the jury watched. Like Medina, Payan noticed that Appellant had bloodshot eyes. At the beginning of his part of the investigation, Payan advised Appellant of his *Miranda* rights and Appellant waived his rights. Payan performed the horizontal gaze nystagmus test and observed that Appellant exhibited jerkiness of his eyes consistent with intoxication. Payan next had Appellant perform the walk-and-turn field sobriety test. Appellant exhibited three of eight possible clues present when a person is intoxicated. Payan also had Appellant perform the one leg stand test. Appellant did not perform the test successfully and had to raise his arms and place his foot on the ground when he lost his balance. He did not tell Payan about any medical conditions which would have prevented him from being able to perform the test. Based on his observations and Appellant's performance of the field sobriety tests, Payan concluded Appellant was intoxicated. Payan advised Appellant he was under arrest for driving while intoxicated and read his *Miranda* rights to him. Although Appellant had been calm during the initial part of the investigation, he became belligerent and verbally abusive when Payan told him he was under arrest. Payan also read the statutory warning to Appellant and requested that he submit to a

breath test, but Appellant refused.

During cross-examination, Payan testified that Appellant did not appear to be swaying at the beginning of the video or during the one-leg stand test. Payan reiterated, however, that Appellant had been unable to perform the one-leg stand test without losing his balance and had put his foot down multiple times in order to maintain his balance. The indictment alleged that Appellant lacked the normal use of his mental and physical faculties by reason of introduction of alcohol into his body. The jury found Appellant guilty of driving while intoxicated as alleged in the indictment.

## FACTUAL SUFFICIENCY

In his sole point of error, Appellant challenges the factual sufficiency of the evidence supporting his conviction. In reviewing factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party. *Berry v. State*, 233 S.W.3d 847, 854 (Tex.Crim.App. 2007); *Johnson v. State*, 23 S.W.3d 1, 7 (Tex.Crim.App. 2000). In performing our review, we are to give due deference to the fact finder's determinations. *See Johnson*, 23 S.W.3d at 8-9. There are two ways in which the evidence may be factually insufficient. The first is that the evidence supporting the verdict, though legally sufficient, is so weak as to be clearly wrong and manifestly unjust. *Berry*, 233 S.W.3d at 854; *Lancon v. State*, 253 S.W.3d 699, 705 (Tex.Crim.App. 2008); *Goodman v. State*, 66 S.W.3d 283, 285 (Tex.Crim.App. 2001). A clearly wrong and unjust verdict occurs where the jury's finding is manifestly unjust, shocks the conscience, or clearly demonstrates bias. *Berry*, 233 S.W.3d at 854; *Sells v. State*, 121 S.W.3d 748, 754 (Tex.Crim.App. 2003). The second is that, when considering conflicting evidence, the jury's verdict is against the great weight and preponderance of the evidence. *Lancon*, 253 S.W.3d at 705. Thus, the question we must consider in conducting a factual sufficiency review is whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is

so obviously weak as to undermine confidence in the fact finder's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. *See Johnson*, 23 S.W.3d at 11.

Under the first part of this standard, we cannot conclude that a conviction is "clearly wrong" or "manifestly unjust" simply because, on the quantum of evidence admitted, we would have voted to acquit had we been on the jury. *Watson v. State*, 204 S.W.3d 404, 417 (Tex.Crim.App. 2006). Under the second part, we cannot declare that a conflict in the evidence justifies a new trial simply because we disagree with the jury's resolution of that conflict. *Id.* Before finding that the evidence is factually insufficient to support a verdict under the second part of the standard, we must be able to say, with some objective basis in the record, that the great weight and preponderance of the evidence contradicts the jury's verdict. *Id.*

The State was required to prove that Appellant operated a motor vehicle in a public place while intoxicated and he had two prior DWI convictions. TEX.PEN.CODE ANN. §§ 49.04(a) & 49.09(b)(2)(Vernon 2003 & Vernon Supp. 2009). Appellant restricts his factually sufficiency challenge to the intoxication element. For purposes of this case, "intoxicated" means not having the normal use of mental or physical faculties by reason of the introduction of alcohol into the body. *See* TEX.PEN.CODE ANN. §49.01(2)(A)(Vernon 2003).

Appellant first contends that the evidence supporting his conviction is so weak that the jury's conclusion is clearly wrong and manifestly unjust. His argument focuses exclusively on the video, but we must consider all of the evidence in our review. Officer Medina testified Appellant operated his vehicle without headlights and drove on the wrong side of the street. He also drove erratically by swerving from one lane to another. Medina also observed that Appellant exhibited signs that he had been drinking, including the odor of an alcoholic beverage on his breath and bloodshot eyes.

Appellant also had slurred speech. Further, Medina offered his opinion that Appellant was intoxicated because he did not have the normal use of his mental and physical faculties. Officer Payan observed that Appellant exhibited signs of intoxication during the HGN test and the field sobriety tests. The videotape supports Payan's testimony regarding Appellant's loss of balance and other signs of intoxication shown by the field sobriety tests. Payan agreed with Medina that Appellant was intoxicated. Additionally, the jury could infer guilt from Appellant's refusal to submit a breath sample. *See* TEX.TRANSP.CODE ANN. §724.061 (Vernon 1999)(authorizing admission of evidence that a person refused a request by an officer to submit to the taking of a breath or blood sample); *Gaddis v. State*, 753 S.W.2d 396, 399 (Tex.Crim.App. 1988)(the jury may infer guilt from a defendant's refusal to take a breath test); *Burkett v. State*, 179 S.W.3d 18, 26-27 (Tex.App.--San Antonio 2005, no pet.)(defendant's refusal to take the intoxilyzer test implies he believed he would fail it because he thought he was intoxicated, and from such refusal, the jury may infer guilt). From all of this evidence, the jury could have concluded that Appellant had lost the normal use of his mental and physical faculties due to the introduction of alcohol into his body. The jury's verdict is not manifestly unjust as it does not shock the conscience or indicate bias. We therefore conclude it is factually sufficient. *See Burkett*, 179 S.W.3d at 26-27 (evidence was factually sufficient to find that defendant was intoxicated, as required to support DWI where three police officers smelled a strong odor of alcohol on defendant's breath, defendant exhibited six clues on the horizontal gaze nystagmus (HGN) test, defendant verified that he had not suffered any head injuries that could have affected the reliability of the HGN test and that none of his physical impairments would have affected its accuracy, defendant was unable to follow simple instructions, and defendant refused to provide the police a specimen of his breath or a sample of his blood to determine his blood alcohol content).

Appellant additionally argues that the videotape contradicts the two officers' testimony because it reflects Appellant did not sway, stumble, or misstep. We keep in mind that it was the jury's task to review the video and draw its own conclusions about what it depicted. Further, we must give appropriate deference to the inferences drawn by the jury and are not permitted to substitute our view of the evidence. As Appellant notes, there are portions of the video in which it can be seen that Appellant is not swaying, but the video also shows that Appellant lost his balance during the one-leg stand test and the walk-and-turn test. Thus, the videotape works both in favor of Appellant and against him. As already detailed, the State introduced evidence showing Appellant drove while intoxicated. We are unable to conclude that the great weight of the evidence contradicts the jury's verdict. *See Burkett*, 179 S.W.3d at 26-27 (evidence factually sufficient despite testimony from defendant's medical doctor regarding illnesses which sometimes caused defendant to have the appearance of being intoxicated when he was not; defendant's illness did not explain why he had the odor of an alcoholic beverage on his breath nor would it cause him to exhibit signs of intoxication during HGN test). We overrule Appellant's sole point of error and affirm the judgment of the trial court.

July 30, 2010

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)