**Affirmed and Memorandum Opinion filed June 27, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00805-CR

---

### REYNALDO GARCIA, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 176th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1318987**

---

## MEMORANDUM OPINION

Appellant was convicted of aggravated robbery and sentenced to a term of five years' imprisonment. The only question on appeal is whether the trial court abused its discretion by denying a motion for mistrial. We affirm.

The facts of this case are relatively simple. The complainant testified that he was approached outside a sports bar by appellant and one other man, who together demanded his keys and wallet. Appellant tried to prevent the complainant from

fleeing while his partner threatened the complainant at gunpoint. The robbery was quickly thwarted by a security guard patrolling the area. Appellant and his partner were both arrested at the scene.

After detailing this evidence during closing summation, the prosecutor concluded her argument with a final discussion on the presumption of innocence. The argument proceeded as follows: "It's true, everybody is presumed innocent. But as soon as the witnesses take the stand, soon as they tell their story, soon as evidence is introduced, they are no longer presumed innocent." Appellant timely objected to this argument as a misapplication of the law. The trial court agreed with appellant and instructed the jury to disregard the statement. Appellant then moved for a mistrial, which the trial court denied.

Appellant complains in his brief that the trial court erred by "permitting the prosecutor's improper argument." We construe appellant's issue to be a challenge to the denial of his motion for mistrial.

We review a trial court's ruling on a motion for mistrial for an abuse of discretion. *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). When the refusal to grant a mistrial follows an objection for improper jury argument, we evaluate the trial court's decision using the following factors: (1) the severity of the misconduct; (2) the measures adopted to cure the misconduct; and (3) the certainty of conviction absent the misconduct. *Id.* (citing *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998)).

When assessing the severity of an improper jury argument, our primary focus is the prejudicial effect of the misconduct. *Id.* In deciding whether prejudice was incited, we examine the improper conduct "in light of the facts adduced at trial and in the context of the entire argument." *See McGee v. State*, 774 S.W.2d 229, 239 (Tex. Crim. App. 1989); *Gaddis v. State*, 753 S.W.2d 396, 398 (Tex. Crim.

App. 1988); *see also Wood v. State*, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000) (stating that a mistrial is appropriate for a "narrow class of highly prejudicial and incurable errors"). Here, the improper argument was not "particularly offensive or outrageous." *Hawkins*, 135 S.W.3d at 77–78 (stating that arguments of this type give rise to a natural inference of prejudice). The jury received several instructions on the presumption of innocence, both prior to trial and in its charge. The prosecution and the defense also described the presumption accurately in earlier stages of their closing arguments. After the trial court sustained appellant's objection, the prosecutor did not revisit her point regarding the presumption of innocence, choosing instead to make a plea for law enforcement. When viewed in the context of the entire closing argument, the prosecutor's improper statement is best characterized as an isolated occurrence and not clearly calculated to deprive appellant of a fair and impartial trial. *See Brown v. State*, 270 S.W.3d 564, 573 (Tex. Crim. App. 2008).

We next consider the effect of the trial court's curative measures. Under this second factor, we generally presume that a prompt instruction to disregard will cure any error associated with improper jury argument. *See Phillips v. State*, 130 S.W.3d 343, 356 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd). "Only offensive or flagrant error warrants reversal when there has been an instruction to disregard . . . ." *Wesbrook v. State*, 29 S.W.3d 103, 116 (Tex. Crim. App. 2000). In this case, the trial court promptly instructed the jury to disregard the prosecutor's statement. The statement, though inaccurate, would not rise to the level of rendering the curative instruction ineffective. *Cf. id.* at 115–16 (concluding that improper remarks did not warrant reversal where prosecutor accused the defendant of fabricating his story during closing argument). We conclude the curative measure was effective.

We finally address the certainty of conviction absent the prosecutor's misconduct. The jury heard testimony from the complainant, the security guard, and two other law enforcement officials who participated in the arrest; appellant did not testify himself, nor did he produce any defense witnesses. According to the complainant, the robbery occurred late at night when the complainant arrived at a sports bar to pick up a cousin who was too impaired to drive. The defense had a different theory of the case, and claimed that the incident was just a verbal disagreement rather than an aggravated robbery. According to the defense, the complainant was the one who had been drinking in the sports bar, and when he walked into the parking lot, the complainant instigated an argument with appellant and his friend. Citing contradictions in the testimony, the defense also suggested that the complainant was not credible: the complainant testified that he was never touched by his attackers, but one of the officers testified that the complainant had reported being physically assaulted on the night in question.

We are in no position to weigh the credibility of the evidence. That task was left to the jury, which resolved any conflicts in the evidence in favor of the State. We note, however, that the prosecution had more circumstantial support for its case; a loaded handgun was recovered at the scene, and a responding officer did not detect any obvious signs of intoxication in the complainant. We conclude that appellant's conviction was more certain than not, and that appellant would have been convicted in the absence of the prosecutor's statement.

Having considered each of the pertinent factors, we conclude that the trial court did not abuse its discretion by denying appellant's motion for mistrial. Appellant's sole issue is overruled and the judgment of the trial court is affirmed.

/s/    Martha Hill Jamison
Justice

Panel consists of Justices Frost, Jamison, and Donovan.

Do Not Publish — Tex. R. App. P. 47.2(b).