

# NUMBER 13-12-00736-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI − EDINBURG

---

**OBED H. MONTOYA A/K/A
OBED HERMENEGUILDO
MONTOYA,**          **Appellant,**

**v.**

**THE STATE OF TEXAS,**          **Appellee.**

---

**On appeal from the County Court
of Gonzales County, Texas.**

---

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria
Memorandum Opinion by Chief Justice Valdez**

Appellant, Obed H. Montoya a/k/a Obed Hermeneguildo Montoya, was convicted of the misdemeanor offense of driving while intoxicated ("DWI"), and he received a sentence of eighteen months probation. *See* TEX. PENAL CODE ANN. § 49.04 (West Supp. 2013). By three issues, appellant contends that that the trial court reversibly erred by not allowing him to respond to the prosecutor's closing argument. We affirm.

## I.     BACKGROUND

At appellant's trial, Deputy Michael Barbosa testified that after stopping appellant for a traffic violation, he noticed that appellant smelled like alcohol, had glassy, bloodshot eyes, and had slow, slurred, sluggish speech.  Deputy Barbosa also observed that a beer can was located in appellant's car.  Deputy Barbosa stated that appellant submitted to field sobriety testing.  A video of Deputy Barbosa's encounter with appellant was then shown to the jury, and Deputy Barbosa described what was occurring in the video.[1]  Appellant's defense counsel asked the jury to observe appellant's "demeanor, how he's standing, swaying, not swaying."

Deputy Barbosa concluded that appellant had failed the horizontal gaze nystagmus test showing all six possible clues indicating intoxication.[2]  Deputy Barbosa "[a]lso noted [there] was vertical nystagmus.  Vertical [nystagmus] is an indicator of an extremely large amount of alcohol and/or drugs, whether it be prescription, over-the-counter, any illegal narcotic.  Any type of drug."  According to Deputy Barbosa, appellant also failed "the finger-count test"[3] and the alphabet test.[4]  Deputy Barbosa

---

[1] The video did not have any sound.

[2] Deputy Barbosa explained that the horizontal gaze nystagmus test is used to determine whether a person has consumed alcohol.  He stated:

> Horizontal gaze nystagmus is a series of tests on the eyes.  And what it tests for is the consumption of alcohol.  Every person has a stigmatism; however, it's induced and brought out more with the consumption of alcohol.  And what that does is a stigmatism is an involuntary jerking of the eye.  While conducting these tests, with the consumption of alcohol, the jerkiness is more involuntary and more visible by the naked eye.

[3] Deputy Barbosa described how he administered the finger touch test to appellant as follows:

> I then asked [appellant] if he knew how to count to at least five.  [Appellant] said yes.  I then asked [appellant] to complete the finger-count test.  I gave instructions to [appellant] to count out loud and touch his thumb to his index finger at one, and then touch his thumb to middle finger at two, thumb to his ring finger at three, and his thumb to his pinkie at four.  I then instructed [appellant] to repeat the count and finger touches in reverse.

[4] Specifically, Deputy Barbosa said:

2

testified that based on appellant's failure of these tests, he determined that appellant was intoxicated and arrested him for DWI. According to Deputy Barbosa, appellant admitted that he had been drinking a little bit that night. Deputy Barbosa told the jury that appellant refused to take a breathalyzer test to determine whether his alcohol level was above the legal limit.

During closing argument, the prosecutor stated, "Texas law is very clear. The officer will offer the defendant an opportunity to take a breath test or a blood test. And Deputy Barbosa told you that he did that. And refusing to take that test is evidence of intoxication. He had an opportunity to prove to us one way or the other and he didn't take it." Appellant's defense counsel objected to the prosecutor's statements on the basis that the prosecutor was "misstating facts of law." The trial court responded that this was closing argument and that defense counsel would be allowed to rebut the prosecutor's statements during his closing argument.

The prosecutor then said, "Well, Judge, I'd like to approach because I don't want to have that done." At a bench conference, the State argued that pursuant to case law, "Under the implied consent [law] there [is an] opportunity for the defendant to take the breath test. If they refuse, that refusal is evidence of intoxication." Defense counsel said, "I believe that only applies in a—my understanding [is] that only applies in [an] administrative hearing. And this is not an administrative hearing or license revocation." The trial court responded, "Sustain the objection for right now, which will be that." The State and defense counsel then finished closing argument, the trial court read the charge to the jury, and the jury found appellant guilty of DWI. This appeal followed.

I gave him a letter to start with, which was the letter D, and end at the letter L. He made seven attempts at it and could not do it properly, mixing up letters back and forth. Sometimes only adding just two letters. He was given seven chances on that one and after the seventh chance I felt that was enough chances and made my decision to make an arrest for DWI.

3

## II. ANALYSIS

By three issues, which we will consider together, appellant contends that the trial court's combined action of allowing the prosecutor to state that his refusal to take a breath test was evidence of his intoxication, along with its ruling that defense counsel would not be allowed to respond to that argument, was reversible error.[5]

Appellant takes the position on appeal that the trial court overruled his objection to the prosecutor's remarks concerning his refusal to take the breath test and then sustained the prosecutor's objection. However, the prosecutor made no objection and merely remarked, "I don't want that done" when the trial court indicated that defense counsel would be allowed to respond to the prosecutor's remarks in closing argument. The only objection specifically before the trial court was defense counsel's objection that the prosecutor was "misstating facts of law." Thus, the only objection before the court to sustain was appellant's. We decline appellant's invitation to construe the prosecutor's comment, "I don't want to have that done" as being a proper objection.[6] *See* TEX. R. APP. P. 33.1 (providing that the complaining party must state "the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context"); TEX. R. EVID. 103 (requiring specific objections).

Moreover, we cannot conclude that the trial court ever ruled that appellant could not respond in his closing argument to the prosecutor's comments. There is nothing in

---

[5] Appellant concedes that it is "clear" that the prosecutor may comment on the defendant's refusal to take a breath test if that fact is in evidence. Moreover, the Texas Court of Criminal Appeals has held that such comments are properly made in the State's closing argument. *See Gaddis*, 753 S.W.2d 396, 398 (Tex. Crim. App. 1988) (concluding that the prosecutor's remarks that the defendant refused to take a breath test "[b]ecause if he blows in the machine, the game is over" was permissible argument). We note that appellant does not argue on appeal that the prosecutor's comment placed the burden on him to prove that he was not intoxicated.

[6] We further note that at the bench conference, neither the prosecutor nor appellant's defense counsel discussed whether defense counsel should be allowed to respond to the prosecutor's remarks.

4

the record indicating that defense counsel wanted to respond or that defense counsel requested to respond. The record indicates that the trial court suggested to defense counsel when he objected to the prosecutor's comments that defense counsel could respond in his closing argument. However, defense counsel did not state he would like to do so. We overrule appellant's three issues.[7]

### III.    CONCLUSION

We affirm the trial court's judgment.

_____
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
16th day of January, 2014.

---

[7] In his third issue, appellant contends that he was harmed by the trial court's alleged error. However, we have concluded that the trial court did not commit error in this case, and therefore, we do not need to conduct a harm analysis. *See* TEX. R. APP. P. 47.1.