

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-14-00361-CR
_____

ANTONIO RODRIGUEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 25,234-C, Honorable Ana Estevez, Presiding

October 23, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Antonio Rodriguez was indicted for the offense of continuous sexual abuse of a young child.[1]  A jury convicted him of the charged offense and assessed punishment at thirty-five years' confinement in prison.  The trial court imposed sentence accordingly and this appeal followed.

---

[1] TEX. PENAL CODE ANN. § 21.02 (West 2014).

Analysis

Through three issues appellant argues his cross-examination of J.V., the child complainant, was unreasonably limited by the trial court in violation of the Sixth Amendment's Confrontation Clause; the trial court erroneously directed the court translator's interpretation of appellant's answer to a question; and the trial court permitted a statement by the prosecutor in closing argument which injected a fact from outside the record. Because appellant does not challenge the sufficiency of the evidence, we will discuss only the facts necessary for disposition of the appeal.

**Confrontation Clause Violation**

By his first issue appellant argues the trial court erred by placing limits on his cross-examination of J.V. about the "specific circumstances" of another sexual assault committed against her by a third party, Jesus Manuel Torres-Ramirez. According to appellant, he sought to demonstrate J.V. was confused or mistaken when she made the outcry against appellant. He asserts the facts of the sexual assaults by the two men are substantially similar, and that by limiting his cross-examination on their similarities, the trial court denied him the right to fully confront his accuser, violating the Confrontation Clause. The State resisted appellant's effort to adduce evidence regarding the prior sexual assault, citing Rule of Evidence 412.[2] The disagreement was the subject of repeated hearings outside the jury's presence.

---

[2] The rule provides in part that, in a prosecution for sexual assault, evidence of specific instances of a victim's past sexual behavior is inadmissible. TEX. R. EVID. 412(a)(2). The rule contains five exceptions including instances where evidence of a victim's past sexual behavior is constitutionally required to be admitted. TEX. R. EVID. 412(b)(2)(E).

2

During the State's re-direct examination of J.V., she made a statement referring to "what happened with someone else." The trial court at that point agreed with appellant that the door had been opened before the jury to the subject of the other man's assault. The court compiled a list of questions it would permit appellant and the State to propound to J.V. on that subject.

As testimony before the jury resumed, appellant asked J.V. questions from the court's list, as did the State on its further examination. In response to these questions J.V. testified that she was interviewed at the Bridge, a children's advocacy center, because of something done to her by someone other than appellant.[3] At the March 2010 interview, she told the interviewer that no one had "ever done something like that to [her] before." On the State's redirect-examination, J.V. testified she told the Bridge interviewer in 2010 nothing similar had happened because she did not want to cause her mother stress. She explained her concern for her mother at that time stemmed in part from her brother's accidental death. She further testified the person responsible for the assault, Torres-Ramirez, pled guilty and went to prison. On re-cross examination, J.V. conceded that her brother was killed in November 2012 and his death had nothing to do with her reluctance to make her mother aware of appellant's abuse of her in March 2010.

The State here argues appellant's issue on appeal presents nothing for our review, and we must agree. Although appellant expressed objection to the exclusion of

_____

[3] The record shows J.V. was interviewed at the Bridge in March 2010 after making an outcry against Torres-Ramirez. There was evidence that appellant's sexual abuse of J.V. predated March 2010. Following her outcry of sexual assault by appellant, J.V. was interviewed at the Bridge in August 2011.

testimony regarding the Torres-Ramirez assault, he raised no objection to the court's list of permissible questions, and in fact propounded them to J.V. in front of the jury. Appellant's point on appeal must be that his cross-examination was unconstitutionally limited even with the questions permitted by the court, but no such assertion ever was made to the trial court. *See Wright v. State,* 28 S.W.3d 526, 536 (Tex. Crim. App. 2000) (holding by failing to raise Confrontation Clause objection in the trial court, appellant waived the issue on appeal); *Acevedo v. State,* 255 S.W.3d 162, 173 (Tex. App.—San Antonio 2008, pet. refused) ("To preserve denial of a right to confrontation error, one must specifically object based on the Confrontation Clause").

Further, the record contains a good deal of evidence regarding the Torres-Ramirez assault of J.V. The child's narrative description of the sexual assault by Torres-Ramirez was contained in the SANE report from 2010, which was before the jury. The SANE report and a video of the 2011 Bridge interview after her outcry against appellant also were before the jury. Those reports and J.V.'s responses to the questions the court permitted about the Torres-Ramirez assault allowed appellant's counsel to argue the assaults by the two men were similar, and argue J.V. was confused. Counsel made such arguments to the jury. Further, in her testimony the child admitted she denied, in the 2010 interview, that anyone else had sexually abused her. And appellant's counsel effectively impeached her initial rationale for not disclosing in 2010 the claimed sexual assault by appellant. Were we to agree the court erred by limiting cross-examination of J.V., we would conclude reversal is not warranted, even under the standard for constitutional harmless-error review. TEX. R. APP. P. 44.2(a) ("the court of appeals must reverse a judgment of conviction . . . unless the court

4

determines beyond a reasonable doubt that the error did not contribute to the conviction . . . ."). Appellant's first issue is overruled.

**Court's Direction of Interpreter's Translation**

According to the record, appellant speaks some English but preferred to testify at trial with a Spanish-language interpreter. By his second issue, appellant argues the trial court reversibly erred by ordering the interpreter to state only a "yes" or "no" answer for appellant's more substantial response in Spanish to a direct-examination question. The trial judge speaks Spanish. The issue arises from the following colloquy:

Q. Thinking about the term that we just mentioned, instead of using the term masturbation, and you understanding what that means, have you done that during your life?

A. Yes.

Q. Specifically, have you ever done such a thing in front of [J.V]?

A. Of course not.

Q. Secondly, have you ever had [J.V.] assist you in that sort of activity?

A. (The Defendant begins answering in Spanish.)

[The Prosecutor]: I am going to object. Nonresponsive. No way all that could be a "Yes" or "No."

[The Court]: You know, my problem right now is: I know everything he said. So it was more than "Yes" or "No," but it was responsive. But I will sustain the objection.

So just translate the "Yes" or "No," the first part of his answer.

A. No, of course not.

5

[Defense Counsel]: I will pass the witness.

Appellant's issue is actually two complaints. First, he argues the court erred by sustaining the State's objection, since it found appellant's answer responsive. Second, he contends the court abused its discretion by instructing the translator to limit the translation of appellant's answer to, "No, of course not."

We find appellant's issue meritless. The issue attempts to pursue on appeal a claim of non-fundamental error[4] which trial counsel chose not to pursue. It is evident to us trial counsel was satisfied with the translated answer, "No, of course not."

Regardless how the trial court understood appellant's response to the prosecutor's question, its substance was not preserved through an offer of proof. We are therefore unable to say whether it was or was not responsive to counsel's question. There was no objection to the court's order directing the translation of appellant's response. Nothing is preserved for our review. TEX. R. EVID. 103(a), TEX. R. APP. P. 33.1(a). Appellant's second issue is overruled.

**Complaint of Improper Jury Argument**

In his third issue appellant asserts "the trial court erred by allowing improper character evidence during closing argument." We understand the issue as a complaint that the trial court erroneously permitted the prosecutor to stray outside the record in closing argument.

---

[4] "In criminal cases, a court may take notice of a fundamental error affecting a substantial right, even if the claim of error was not properly preserved." TEX. R. EVID. 103(e). *See Lindsey v. State,* No. 01-13-01008-CR, 2015 Tex. App. LEXIS 9987, at *2-3 (Tex. App.—Houston [1st Dist.] Sept. 24, 2015, no pet. h.) (per curiam) (mem. op., not designated for publication) (identifying types of errors considered fundamental).

As noted, during a hearing outside the presence of the jury the trial court crafted questions permissible for the parties' examination of J.V. on the matter of the sexual assault by Torres-Ramirez.  The following discussion occurred during that hearing:

> [The Prosecutor]:    Okay.  So I can come back and say that he pled guilty and he is in prison now and admitted?
>
> [The Court]:  Yes.
>
> [The Prosecutor]: Okay.
>
> [The Court]:  But you can't make any suggestion that someone should or should not have done the same thing.
>
> [Defense Counsel]:  And you can't make any suggestions that she told the truth, and that is why the person is in prison.
>
> [The Court]:  Yes. Don't ask whether—Don't make any comments on whether or not she told the truth.  Just say, "And that person pled guilty."
>
> You can do that in closing argument.
>
> [The Prosecutor]:    Argue that she told the truth?
>
> [The Court]:  Yeah.
>
> [The Prosecutor]:    Okay.

During the following direct examination, J.V. agreed with the prosecutor that as a result of the charges brought against him, Torres-Ramirez pled guilty and went to prison.

Appellant's complaint here springs from the following occurrence during the State's closing argument:

> And the police came.  She went and got an exam.  She went to the Bridge, just like she did in this case.  And charges were filed, just like in this case.  And in that case, you heard evidence—[J.V.] told you—he

7

came in and pled. She did not testify. He came in and took responsibility for his actions and he went to prison. *He said,* "She told the truth."

[Defense Counsel]: Objection, Your Honor. That was not a part of the record. And she is saying that he went to prison because she told the truth. And that violates the prior instruction of the Court regarding that issue, Your Honor.

[The Court]: Okay, I didn't make an instruction. So I am going to overrule your objection. I am going to ask you to just move on.

(Emphasis added).

We review a trial court's ruling on an objection of improper jury argument for abuse of discretion. *Garcia v. State,* 126 S.W.3d 921, 924 (Tex. Crim. App. 2004). The purpose of closing argument is to assist the fact-finder in drawing proper conclusions and inferences from the evidence. *Gaddis v. State,* 753 S.W.2d 396, 400 (Tex.Crim.App. 1988); *Graves v. State,* 176 S.W.3d 422, 431 (Tex. App.—Houston [1st Dist.] 2004, pet. stricken). Argument that (1) summarizes the evidence, (2) is a reasonable deduction from the evidence, (3) answers argument of opposing counsel, or (4) is a plea for law enforcement, is permissible and proper. *Brown v. State,* 270 S.W.3d 564, 570 (Tex. Crim. App. 2008). Argument that interjects facts not supported by the record is improper. *See id.* (citing *Allridge v. State,* 762 S.W.2d 146, 155 (Tex. Crim. App. 1988)). Counsel is generally given wide latitude to draw inferences from evidence, so long as they are reasonable, fair, legitimate, and offered in good faith. *See Gaddis,* 753 S.W.2d at 398.

We are not shown, nor do we find, any evidence attributing to Torres-Ramirez an express statement that J.V. "told the truth." It is undisputed, however, that Torres-Ramirez pled guilty to charges that were based on her outcry. The prosecutor might

8

better have curtailed her argument, but the trial court did not exceed its discretion by treating the argument as a reasonable inference from his guilty plea.

Moreover, even if the trial court erred by overruling appellant's objection, the error was harmless. We ordinarily review improper jury argument under appellate rule 44.2(b). TEX. R. APP. P. 44.2(b); *Martinez v. State,* 17 S.W.3d 677, 692-93 (Tex. Crim. App. 2000). In light of J.V.'s testimony, her Bridge interview, the SANE reports, and even appellant's own testimony, appellant's substantial rights were not affected by the prosecutor's statement that by pleading guilty Torres-Ramirez affirmed her truthfulness. *See* TEX. R. APP. P. 44.2(b); *cf. Mosley v. State,* 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (looking to federal caselaw analysis for gauging harm under rule 44.2(b)). Appellant's third issue is overruled.

## Conclusion

Having overruled each of appellant's issues, we affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.