

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-10-00445-CR

DAVID DEWAYNE WILSON                                                    APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

## FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted David Dewayne Wilson of possession of cocaine in excess of four, but less than 200, grams with the intent to deliver.[2] The jury also found that he used a deadly weapon in the commission of the offense and assessed punishment at twenty years' confinement. The trial court sentenced him accordingly. Appellant raises one issue on appeal: that the trial court erred

---

[1]*See* Tex. R. App. P. 47.4.

[2]Tex. Health & Safety Code Ann. § 481.112(a), (d) (West 2010).

by overruling his counsel's objection to the prosecutor's improper argument on guilt. Because the argument was proper for two reasons, we affirm.

## Background Facts

On January 19, 2010, officers executed a no-knock search warrant at appellant's residence. Officers detained appellant near the front door and proceeded to search the apartment. Officers found suspected cocaine and a razor blade on top of appellant's television.[3] Under a flap in the couch, officers also found a bag of cocaine and a bag of marijuana. Officers found the drugs packed in smaller, individualized baggies inside the first two bags. Tests confirmed the baggies contained 32.71 grams of cocaine and 11.9 grams of marijuana. Officer Roderick Martin testified that individualized baggies like the ones found are generally used in dealing narcotics. Officers also found a loaded Glock pistol on the floor near appellant and $445 in small denomination bills in appellant's pockets. An officer testified that large amounts of cash in small denominations were consistent with an individual dealing drugs.

The trial court held a jury trial on October 1, 5, and 7, 2010. After the jury convicted appellant, he timely filed this appeal.

---

[3]The State did not perform any tests to determine whether the substance on top of the television was actually cocaine. It was not presented as cocaine at trial.

## Permissible Categories of Jury Argument

Appellant says that he was substantially prejudiced by the following part of the State's argument, which he contends did not qualify as a summation of, or a reasonable deduction from, the evidence. Nor, he contends, was it responsive to arguments of the defense:

> But you have to ask yourselves - - Defense counsel gets up here and says you've heard no evidence about the investigation, why they were there. Ask yourselves why they were there? He begs the question, why were they there? Pursuant to a search warrant signed by a judge. So why did they have that search warrant? Because of the investigation that led them to that apartment, that quadplex, with concerns about guns and drugs. That's why they were there. There was smoke. They were looking for the fire, and, boy, did they find the fire. It wasn't a hunch. It wasn't guesswork. This was pursuant [to] and this was a termination of a long investigation. Thank goodness they got it.

Appellant immediately objected to the argument, stating, "[T]hat's [a] comment on something not in evidence along with the investigation." The State contended that appellant had invited the argument in his closing argument, and it was a reasonable deduction from the evidence that an investigation had taken place. The trial court overruled the objection.

**Applicable Law**

To be permissible, the State's jury argument must fall within one of the following four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) plea for law enforcement. *Felder v. State*, 848 S.W.2d 85, 94–95 (Tex. Crim.

App. 1992), *cert. denied*, 510 U.S. 829 (1993); *Alejandro v. State*, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973). *See generally* Tex. Code Crim. Proc. Ann. § 36.07 (West 2007) (giving State the right to make concluding argument). To determine whether the State's argument falls within one of the four categories of permissible argument, we must consider the argument both in the context in which it appears and in light of the entire record. *Gaddis v. State*, 753 S.W.2d 396, 398 (Tex. Crim. App. 1988); *Hernandez v. State*, 114 S.W.3d 58, 61–62 (Tex. App.—Fort Worth 2003, pet. ref'd). Here, we conclude that the State's argument falls under two of the four permissible types of jury argument when analyzed in their context and in light of the entire record.

**Summation**

The prosecutor claimed the search warrant came about as the result of an investigation, and said, "It wasn't a hunch. It wasn't guesswork." This statement qualifies as a summation of the evidence presented. *See Hernandez*, 114 S.W.3d at 61–62. On cross-examination, the defense asked Officer Carolyn Gilmore, "Officer, you did a follow-up investigation? Is that what you were doing when you came in there?" Officer Gilmore replied, "No, sir. The investigation had already occurred. I was just in there with the search." This testimony established that the police had conducted an investigation before obtaining and executing the search warrant. Therefore, the prosecutor did not stray beyond the record when he mentioned the topic of a prior investigation in his closing argument.

**Reasonable Deductions**

Reasonable deductions and inferences from the evidence also support the prosecutor's arguments that an investigation occurred and that it was long. Officer Martin testified that officers had "intel" prior to the execution of the search warrant at appellant's address. It is a reasonable deduction from the evidence that this "intel" came about as the result of an investigation. *See Orr v. State*, 306 S.W.3d 380, 403 (Tex. App.—Fort Worth 2010, no pet.). The guidelines to issue a search warrant also support the conclusion that an investigation occurred. A magistrate must determine that sufficient evidence of probable cause exists before the magistrate may issue a warrant. *See* Tex. Code Crim. Proc. Ann. art. 18.01(b) (West Supp. 2010). Therefore, it is reasonable to conclude from the issuance of the warrant here that some investigation had been conducted before its issuance.

Furthermore, Officer Charles Brady, an eighteen-year veteran of the Fort Worth Police Department and SWAT team member, testified about the procedures normally employed prior to the execution of a search warrant for narcotics. When asked about the procedures, Brady said, "[O]bviously, narcotics [does] their investigation. Once they have probable cause for a warrant to be written, they . . . bring the information to our administration. They'll go out, do a recon on a residence to do a briefing. And what that entails is going out taking a look at it, windows, doors, . . . all the information we need to go up there and do our job in a safe manner." While the officer did not testify about the specific

investigation in appellant's case, it is a reasonable deduction from Officer Brady's testimony describing the pre-warrant narcotics investigation process followed in general that the procedures would take some time to perform. Thus, it is reasonable to infer that the police performed a "long" investigation here. *See Orr*, 306 S.W.3d at 403 (holding prosecutor's closing argument that defendant had told her daughter to lie to the police was a reasonable deduction from the evidence when a tape was admitted in which a Texas Ranger confronted the defendant with a contradictory statement by her daughter).

To the extent that appellant complains about the statement about guns and drugs being a concern of the prior investigation, Officer Brady also testified that SWAT team members were used in both high risk and narcotics searches. Officer Carlos Cespedes testified about the presence of a firearm in the apartment and said, "[P]ossession of a firearm . . . quite frequently occurs with . . . the amount of the narcotics that were in there." Officer Cespedes agreed that these weapons were often in place because drug dealers feel that they need "to protect their product." It is likewise a reasonable deduction from this evidence that the investigation was concerned with guns as well as drugs.[4]

---

[4]Even if this comment about the investigation involving guns was not a reasonable deduction from the evidence, it was nevertheless harmless in light of the entire record. *See* Tex. R. App. P. 44.2(b); *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002).

## Conclusion

Because the complained-of arguments were within the bounds of permissible jury argument, we overrule appellant's sole issue and affirm the trial court's judgment.

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT, J.; and WILLIAM BRIGHAM (Senior Justice, Retired, Sitting by Assignment).

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 4, 2011