**Affirmed and Opinion Filed May 19, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-00115-CR

**MAHOGANY MARIUM WELLS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court No. 9**
**Dallas County, Texas**
**Trial Court Cause No. MA12-04814-K**

## MEMORANDUM OPINION

Before Justices Bridges, Lang-Miers, and Myers
Opinion by Justice Bridges

Mahogany Marium Wells appeals her resisting arrest conviction. A jury convicted appellant, and the trial court assessed punishment at 120 days' confinement in county jail, probated for twelve months, and a $500 fine. In a single issue, appellant argues the trial court erred by overruling her objection to improper jury argument. We affirm the trial court's judgment.

On March 27, 2012, Dallas police officer Michael Phasounnabane responded to a call concerning a man with a gun threatening people at an apartment complex in Dallas. Two other officers also responded to the call, and they detained a suspect and put him in handcuffs. Meanwhile, "the 911 caller was yelling out to us saying that [appellant] was part of it" and "saying that she's leaving." The 911 caller also said "she has three kids or something, and

saying there were kids inside the house." Phasounnabane ran downstairs to stop appellant from leaving, but "it turned out that she was just parking the car, because her car was parked in fire lane." Appellant came back upstairs. Phasounnabane and another officer decided to "go inside the house to check for the safety of the children" and "make sure that the kids were not around gun." As Phasounnabane walked halfway through the door, appellant grabbed his right arm and "pulled [him] out saying that you can't go in there without a warrant." Phasounnabane was "shocked" and decided to place appellant in handcuffs for officer safety "and also because we didn't pat her down" and did not know if she had a gun or not. Another officer grabbed appellant under the left arm, and the third officer grabbed appellant by the right arm as Phasounnabane stood behind appellant with handcuffs. Appellant "kept moving her arms around" and would not comply with the officers' attempts to handcuff her. Appellant "reached over and scratched" one of the other officers, leaving an approximately one-inch "small cut" that Phasounnabane saw bleeding. Eventually, Phasounnabane succeded in handcuffing appellant and had her sit down. After checking the apartment, officers found three children inside but no gun. Appellant was subsequently charged with resisting arrest. At trial, Phasounnabane testified on direct examination that the act of grabbing his arm in itself was a crime: assault or interference with public duty. In response to further questioning, Phasounnabane clarified that, when he said assault, he meant "class C, the lowest" level of assault "like a traffic ticket." On cross-examination, the following exchange occurred between Phasounnabane and defense counsel:

> [DEFENSE COUNSEL]: Now, this was originally filed as an assault of a peace officer; is that correct?
>
> [PHASOUNNABANE]: Yes, sir.
>
> [DEFENSE COUNSEL]: And the grand jury decided that-that-that if it was anything, it was a misdemeanor; is that correct?

[PHASOUNNABANE]: I don't know, sir.

[DEFENSE COUNSEL]: Okay. Now, isn't anytime that you assault an officer, it's not a class C misdemeanor? It is always a . . . felony, assault of a public servant; is that not correct?

[PHASOUNNABANE]: Yes, sir.

[DEFENSE COUNSEL]: So when you told the jury a while ago that -that it was a class C, you were either seriously mistaken or didn't know the law; isn't that true?

The prosecutor objected that this line of questioning was "a mischaracterization of Phasounnabane's testimony. It was very clear, talking about a class C assault." The trial court overruled the objection. During closing argument, defense counsel stated the following:

[DEFENSE COUNSEL]: Ladies and gentlemen, doubt. Reasonable doubt. Reasonable doubt. Reasonable doubt here. It is hard to see how somebody -- and they all agree. They never said she was under arrest. Every one of them said it. Officer Phasounnabane says that, well -- well, it would have been a class C misdemeanor. Any time you touch a public servant, trying to stop somebody from injuring them or something, it's – it's a – it's assault of a public servant, which is a third-degree felony. Well, they tried to get a third-degree felony pass [sic] the grand jury. They didn't succeed. So we got to throw something else in there. Got to throw something else in there.

On rebuttal, the following exchange occurred:

[PROSECUTOR]: Now, defense counsel, he's right. I mean, this was originally filed as an assault on a public servant. That is a felony. It was decided, no, that's not -- that's not just. You know, Ms. Wells does not deserve to be labeled a felon for the rest of –

[DEFENSE COUNSEL]: Objection, Your Honor. That's not what it means. There wasn't probable cause for.

[THE COURT]: I'm going to sustain the objection.

[PROSECUTOR]: Ms. Wells doesn't deserve to be labeled a felon for the rest of her life because of –

[DEFENSE COUNSEL]: Objection. Objection. Counsel's still proceeding after you've sustained the objection.

[THE COURT]: Well, on that statement, I'm going to overrule the objection.

[PROSECUTOR]: But what she did commit, and I think defense counsel even told my officer this one time, I mean, it's a misdemeanor, and I agree. And just

because it's a misdemeanor though doesn't mean there are not consequences, right? Because this is still an important law.

The jury convicted appellant of resisting arrest, and this appeal followed.

In a single issue, appellant argues the prosecutor's argument on rebuttal was improper. Specifically, appellant complains the prosecutor's argument was prejudicial "because it allowed the jury to believe that despite the evidence before it, there was something even more sinister and indeed, felonious, that the appellant had committed." Appellant argues the prosecutor's remarks "insinuated that the offense was indeed a felony assault on a public servant, but that the State benevolently did not want to tarnish" appellant's reputation.

Proper areas of jury argument are: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) answers to argument of opposing counsel; and (4) pleas for law enforcement. *See Brown v. State*, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008). Counsel is generally given wide latitude in drawing inferences from evidence as long as they are reasonable, fair, legitimate, and offered in good faith. *See Gaddis v. State*, 753 S.W.2d 396, 398 (Tex. Crim. App. 1988). We review a trial court's ruling on an objection to improper jury argument for abuse of discretion. *See Garcia v. State*, 126 S.W.3d 921, 924 (Tex. Crim. App. 2004).

Here, defense counsel raised the issue of the State initially trying to indict appellant on a charge of "assault of a public servant, which is a third-degree felony." Defense counsel insinuated the State could not get a third-degree felony charge past the grand jury and therefore had to "throw something else in there," presumably the misdemeanor resisting arrest charge. In effect, defense counsel implied the State was determined to charge appellant with *something* even though there was no basis for a third-degree felony charge. Under these circumstances, the prosecutor's argument that appellant "doesn't deserve to be labeled a felon for the rest of her life" was a proper answer to the argument of opposing counsel. *See Brown*, 270 S.W.3d at 570. We overrule appellant's single issue.

–4–

We affirm the trial court's judgment.

Do Not Publish
TEX. R. APP. P. 47
140115F.P05

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MAHOGANY MARIUM WELLS,
Appellant

No. 05-14-00115-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court
No. 9, Dallas County, Texas
Trial Court Cause No. MA12-04814-K.
Opinion delivered by Justice Bridges.
Justices Lang-Miers and Myers
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered May 19, 2015.