**Opinion filed August 30, 2018**



### In The

# Eleventh Court of Appeals

_____

## No. 11-16-00262-CR

_____

## RANDY TREVINO VIALPANDO, Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the 350th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 11457-D**

## MEMORANDUM OPINION

Randy Trevino Vialpando entered an open plea of guilty to the offense of murder by committing an act clearly dangerous to human life. *See* TEX. PENAL CODE ANN. § 19.02(b)(2) (West 2011). The trial court sentenced him to confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of eighteen years. In a single issue, Appellant contends that the trial court erred in overruling his objection to the prosecutor's closing argument at the conclusion of the punishment phase. We affirm.

Appellant executed a stipulation of evidence wherein he stated that he shot the victim in the head with a handgun with the intent to cause serious bodily injury. Appellant testified at the punishment hearing that he believed that his wife was using

methamphetamine and that she was involved in affairs with other men to acquire drugs. On an afternoon when his wife did not come home at the time that he expected her to arrive, Appellant decided to look for her. He drove around in an area of town where he believed the victim lived. Appellant did not know the victim, but he suspected that the victim was having an affair with Appellant's wife.

Appellant testified that he observed his wife's vehicle parked in the driveway of a house on Portland Avenue. He suspected that the house belonged to the victim. Appellant testified that he approached the door of the house and observed that the front door was partly open. Appellant attempted to open the door, but he encountered resistance. Appellant testified that he also heard "a lot of commotion" and then heard a male voice say, "I've got the gun." Appellant believed that his wife was in danger. Appellant testified that he then returned to his pickup and retrieved his pistol. Appellant then busted through the front door whereupon he observed "the barrel of a gun pointing at [him]." Appellant testified that he reacted by firing randomly while backing out the front door of the house, not aiming at any particular person. The forensic evidence indicated that the victim was shot at least three times, including being shot in the left ear.

The State offered into evidence a recording of a visit between Appellant and his wife that occurred at the Taylor County Jail approximately two days after the shooting. During the prosecutor's closing argument, he made reference to the recorded jail visit. The prosecutor summarized the matters that Appellant and his wife had discussed on the recording. The prosecutor then noted that Appellant and his wife did not discuss that the victim pulled a gun on Appellant or that Appellant was in fear of either his life or his wife's life at the time of the shooting. Specifically, the prosecutor argued:

> What's amazing about it is, if this was such a tremendously emotional event, his wife was in danger, his life was in danger, he didn't mention it one time. The whole 19 or so minutes of that, he did not

2

mention, "I thought it was him or me; I thought it was him or you." He talks about his commissary on the video. You think if someone had put a gun in your face, that's the first thing you talk about. Not one mention of that on the video. And that's two days, and that's before this whole idea of self-defense has been crafted. That's before that -- the trial was set and they had to think of something else. He had to think of something else.

Defense counsel objected to this argument on the basis that the prosecutor was attempting to "strike . . . over [defense counsel's] head" by attacking defense counsel's trial strategy. The trial court responded to defense counsel's objection by stating that the trial court viewed the prosecutor's argument as being directed at Appellant's actions and not those of defense counsel. The prosecutor then clarified that he was addressing Appellant's actions and not those of defense counsel.

In his sole issue on appeal, Appellant asserts that the trial court erred in overruling Appellant's objection to the prosecutor's closing argument. We review challenges to rulings on objections to improper closing argument for an abuse of discretion. *Garcia v. State*, 126 S.W.3d 921, 924 (Tex. Crim. App. 2004). In examining challenges to a jury argument, a court considers the remark in the context in which it appears. *Gaddis v. State*, 753 S.W.2d 396, 398 (Tex. Crim. App. 1988). "[P]roper jury argument generally falls within one of four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement." *Brown v. State*, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008).

Arguments that "strike[] at a defendant over the shoulders of defense counsel" are improper. *Davis v. State*, 329 S.W.3d 798, 821 (Tex. Crim. App. 2010). "'Although it is impossible to articulate a precise rule regarding these kinds of argument[s], it is fair to say that a prosecutor runs a risk of improperly striking at a defendant over the shoulder of counsel when the argument is made in terms of defense counsel personally and when the argument explicitly impugns defense

counsel's character.'" *Brown*, 270 S.W.3d at 572 (alteration in original) (quoting *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998)). However, arguments directed at defense counsel's arguments and theories in the case are not improper. *Garcia*, 126 S.W.3d at 925.

We agree with the trial court's interpretation that the argument was directed at Appellant's conduct and theories in the case rather than at defense counsel. Furthermore, even if the argument is construed as an attack on defense counsel's theories in the case, the argument was not improper because it was not an attack on defense counsel's "personal morals and integrity." *Id.* Accordingly, the trial court did not abuse its discretion in overruling Appellant's objection to the prosecutor's closing argument. We overrule Appellant's sole issue on appeal.

### This Court's Ruling

We affirm the judgment of the trial court.

JOHN M. BAILEY

JUSTICE

August 30, 2018

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, J.;
Gray, C.J., 10th Court of Appeals[1];
and Wright, S.C.J.[2]

Willson, J., not participating.

---

[1]Tom Gray, Chief Justice, Court of Appeals, 10th District of Texas at Waco, sitting by assignment to the 11th Court of Appeals.

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.