

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-25-00079-CR

---

CANTON JAMES ECHOLS, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 22-0377X

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

Canton James Echols stabbed Blake Reddock thirty-eight times and set Reddock's vehicle on fire. Echols pled guilty to murder and arson. *See* TEX. PENAL CODE ANN. § 19.02 (Supp.), § 28.02(a). After a punishment trial, a Harrison County jury found the State's punishment enhancement allegations true and assessed sentences of life imprisonment for murder and twenty-five years' imprisonment for arson.

On appeal, Echols argues that the trial court erred by refusing Echols's request to recall Reddock's mother and by allowing the State to make "negative personal comments" about his counsel. We find that the trial court's evidentiary ruling regarding Reddock's mother was not an abuse of discretion. We further find that the trial court did not abuse its discretion by overruling Echols's objection to the State's closing argument. As a result, we affirm the trial court's judgment.

I.      **The Trial Court's Evidentiary Ruling Was Not an Abuse of Discretion**

       **A.      Factual and Procedural Background**

During punishment, Reddock's mother, Doyleine Eaves, testified that Reddock "was born with a condition that prevented his right arm from straightening" and his right wrist from turning. According to Eaves, Reddock's right arm "was locked at a 45." Because he was bullied often, Eaves testified that Reddock knew how to fight to defend himself.

Eaves testified that Reddock texted her to advise that he had offered a ride to a person he did not know, who turned out to be Echols. Eaves never heard from Reddock again. According

2

to Eaves, Reddock had knives at the house but did not have a knife or any sort of weapon on his person or in the vehicle.

After several witnesses testified in Echols's favor by stating he was not a violent person, defense counsel stated that he wanted to have a brief hearing outside of the jury's presence to "put something on the record" "about potentially recalling [Eaves]." During the hearing, defense counsel said that Eaves was familiar with Reddock's criminal history and that he intended to recall her to "ask . . . of [Reddock's] assault family violence conviction, of the fact that he was on deferred adjudication for assault family violence, [and] of the fact that he forfeited two firearms." The State responded by saying that it was undisputed that Echols and Reddock did not know each other, Reddock had only offered Echols a ride, and Reddock's criminal history was irrelevant because Echols would have no knowledge of that criminal history. Still, defense counsel said he would like to call Eaves before putting Echols on the stand. When asked why he had not previously cross-examined Eaves on the issue, defense counsel said that the "door had not been opened," because Eaves had not represented that Reddock was a peaceful person even though sudden passion was the main issue at the punishment trial. The trial court overruled defense counsel's objection.

On appeal, Echols argues that he wanted to introduce Reddock's criminal history to show that Reddock was the first aggressor. The State responded by stating that Echols's argument on appeal does not comport with his argument at trial because he did not mention "using her testimony to buttress a sudden passion defense, or any type of mitigation defense." Even so, the transcript of the record shows that the trial court understood Echols's request to recall Eaves.

3

**B.      Standard of Review**

"We review [a] trial court's decision to admit or exclude evidence" for "an abuse of discretion." *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). Abuse of discretion occurs only if the decision is "so clearly wrong as to lie outside the zone within which reasonable people might disagree." *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008); *see Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g). We may not substitute our own decision for that of the trial court. *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003). We will uphold an evidentiary ruling if it was correct under any theory of law applicable to the case. *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009).

**C.      Analysis**

When a defendant is convicted of murder, he may argue at punishment that he caused the death of the victim while "under the immediate influence of sudden passion arising from an adequate cause." TEX. PENAL CODE ANN. § 19.02(d); *McKinney v. State*, 179 S.W.3d 565, 569 (Tex. Crim. App. 2005). If the defendant affirmatively proves sudden passion "by a preponderance of the evidence, the offense is a" second-degree felony. TEX. PENAL CODE ANN. § 19.02(d). "'Sudden passion' means passion directly caused by and arising out of provocation by the individual killed or another acting with the person killed which passion arises at the time of the offense and is not solely the result of former provocation." TEX. PENAL CODE ANN. § 19.02(a)(2). "'Adequate cause' means cause that would commonly produce a degree of anger, rage, resentment, or terror in a person of ordinary temper, sufficient to render the mind incapable

4

of cool reflection." TEX. PENAL CODE ANN. § 19.02(a)(1). Neither ordinary anger nor fear alone raises the issue of sudden passion arising from adequate cause. *Hernandez v. State*, 127 S.W.3d 206, 213–14 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd).

To conclude that the trial court erred by refusing to allow Echols to recall Eaves, Reddock's criminal history had to be relevant. "Evidence is relevant if" it tends to make the existence of any fact of consequence "more or less probable than it would be without the evidence." TEX. R. EVID. 401(a). At trial, the State argued that Reddock's criminal history was irrelevant because Echols met Reddock on the day he killed him and would not have known of his criminal history. Echols readily admits in his brief that he did not know Reddock, removing the "apprehension-of-danger theory" of admitting the evidence. *See Seidule v. State*, 622 S.W.3d 480, 490 (Tex. App.—Houston [14th Dist.] 2021, no. pet.). Even so, Echols cites to cases dealing with first aggressors, an issue relating to self-defense, which does not apply here.

Yet, even if Reddock's criminal history somehow made it probable that Reddock provoked Echols, making the criminal history relevant to the issue of sudden passion, Rule 404 of the Texas Rules of Evidence provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." TEX. R. EVID. 404(b)(1). As a result, even if evidence is relevant, "Rule 404 bars character evidence . . . when offered to prove . . . that the victim acted in conformity with his violent character." *Ex parte Miller*, 330 S.W.3d 610, 618–19 (Tex. Crim. App. 2009) (orig. proceeding).

5

Here, nothing shows that the State represented that Reddock was a peaceful person. This meant that his prior convictions could not be used for impeachment purposes. The evidence instead supports the idea that Reddock was a fighter who had knives and knew how to fight. As a result, Echols could not present Reddock's criminal convictions to prove that Reddock acted in conformance with his propensity for violence. The trial court was within its discretion to conclude that Rule 404(b)(1) barred admissibility of Reddock's prior convictions. Finding no abuse of discretion, we overrule Echols's first point of error.

## II. Overruling Echols's Jury-Argument Objection Was Not an Abuse of Discretion

On appeal, Echols argues that the trial court erred by overruling his objection to the State's closing argument. We review challenges to rulings on objections to improper closing argument for an abuse of discretion. *Garcia v. State*, 126 S.W.3d 921, 924 (Tex. Crim. App. 2004). A trial court abuses its discretion when it "act[s] without reference to any guiding rules [or] principles." *Montgomery*, 810 S.W.2d at 380 (quoting *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)).

"[P]roper jury argument generally falls within one of four areas: (1) summation of the evidence, (2) reasonable deduction from the evidence, (3) answer to an argument of opposing counsel, and (4) plea for law enforcement." *Milton v. State*, 572 S.W.3d 234, 239 (Tex. Crim. App. 2019). Arguments that "strike[] at a defendant over the shoulders of defense counsel [are] improper." *Davis v. State*, 329 S.W.3d 798, 821 (Tex. Crim. App. 2010).

"In examining challenges to a jury argument, [a] [c]ourt considers the remark in the context in which it appears." *Gaddis v. State*, 753 S.W.2d 396, 398 (Tex. Crim. App. 1988).

During closing argument, defense counsel represented that Echols "accepted responsibility for [his] actions" every time he committed a crime. Echols's counsel also argued,

> [F]rom 2011 to 2019, by this prosecutor's own account, [Echols] committed multiple offenses, but this district attorney's office gave him three years on felony in possession of a firearm.
>
> If they had the information to show that he was violent, rule breaking, didn't care about the world, they would have brought you that information.

As a result, Echols suggested that the district attorney did not believe him to be violent because they offered him only three years of imprisonment on a felony offense.

As shown by this portion of the transcript, the State responded in a manner that triggered an objection:

> [BY THE STATE:] Now, [defense counsel], very unfairly -- about all these offenses, by the way, one was under this current administration. [Defense counsel] very unfairly as a former prosecutor himself knows there could be problems with individual cases. Each individual case has specific facts that might warrant a specific recommendation. Doesn't mean that's what he deserved, but that's how those work, and he knows that.
>
> He's unfairly trying to put it the onus on the DA's office that, Oh, well, we didn't do anything to stop this. Are you kidding me? We're somehow then responsible for a murder, 38 times?
>
> [BY DEFENSE COUNSEL]: Your Honor, without being difficult, I never accused anybody, and we're starting to strike at shoulders, so I object to that.
>
> THE COURT: Closing argument, overruled.

On appeal, Echols argues that the State's argument improperly struck over defense counsel's shoulders. "[A] prosecutor runs a risk of improperly striking at a defendant over the shoulder of counsel when the argument is made in terms of defense counsel personally and when the argument explicitly impugns defense counsel's character." *Mosley v. State*, 983 S.W.2d 249,

7

259 (Tex. Crim. App. 1998). The State responds by stating that its closing did not impugn defense counsel's character.

In this case, the trial court could have agreed with the State by determining that it had not impugned defense counsel simply by calling his argument unfair. The trial court could have also determined that the State's argument was proper because it was merely responding to the argument Echols made in his closing argument. For these reasons, we cannot conclude that the trial court acted without guiding rules or principles when overruling Echols's objection. As a result, an abuse of discretion is not shown, and we overrule Echols's last point of error.

## III. Conclusion

We affirm the trial court's judgment.

Charles van Cleef
Justice

Date Submitted:     October 21, 2025
Date Decided:       November 4, 2025

Do Not Publish